# IN THE COURT OF APPEALS OF IOWA

No. 13-0391
Filed April 30, 2014

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**DENA ANN BROOKS,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Dena Brooks appeals her conviction for willful injury causing bodily injury. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Stephan J. Japuntich, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Tyler J. Buller, Assistant Attorney General, Thomas J. Ferguson, County Attorney, and Brian Williams, Assistant County Attorney, for appellee.

Considered by Vogel, P.J., and Tabor and McDonald, JJ.

**VOGEL, P.J.**

Dena Brooks appeals her conviction for willful injury causing bodily injury. Brooks asserts the district court erred in allowing the State to introduce evidence of Brooks's conduct after police arrived, and further erred in denying her motion for judgment of acquittal. She also claims the court erred in failing to give a limiting instruction regarding Brooks's subsequent acts and a proper provocation instruction. She alternatively frames this argument as an ineffective-assistance-of-counsel claim. We conclude the district court did not err either in allowing the evidence of Brooks's subsequent conduct or in denying her motion for judgment of acquittal. We further find trial counsel was not ineffective for failing to request a different provocation instruction. However, we preserve for possible postconviction relief proceedings on Brooks's limiting-instruction claim. Consequently, we affirm.

**I. Factual and Procedural Background**

The facts offered by the State and the facts offered by the defense differed significantly. The jury could have found the following to be closest to the truth. On August 4, 2012, Destiny Jones was at her sister's house in Waterloo, Iowa, along with other family members. Neighbors Art and Rhonda Hanson, Tim Roney, and defendant Brooks were sitting on the Hansons' porch. An argument ensued regarding Brooks's son's involvement in a shooting the day before. Both groups were shouting at each other in harsh terms, primarily concerning the shooting. One or more persons on the Hansons' porch began shouting racial

epithets at the Jones family, including the use of the n-word.[1] Brooks made a statement to the effect that she taught her children to protect themselves and she will protect herself.

Jones approached the grassy area between the houses, yelled at the neighbors, and told them to stop using racially abusive language. Brooks continued to shout at Jones and her family. Brooks then leaned over the porch railing and pushed Jones, after which she came down off the porch and the two engaged in a physical altercation. Jones admitted she punched Brooks in the ribs with her fist six or seven times, though she claimed she did not force Brooks to the ground or otherwise restrain Brooks's movement. Jones did not have a weapon.

Brooks then stabbed Jones with a pocketknife twice, once across the abdomen and once near her left armpit. Jones crawled away from Brooks and observed that her left side "was open" and bleeding. A witness observed Brooks handing her knife to "a guy that was on the porch."

The Waterloo police were called. Brooks was observed "screaming, calling [Jones's] mom a 'cop caller.'" Once the police arrived, they observed Jones's wounds and moved to take Brooks into custody. Brooks resisted until the police drew their weapons. Officer Adam Liddle testified Brooks stated "yesterday my son handled his own and today, I handled mine." Upon investigation of the scene, police found a black tie cap matching the hat worn by Jones in the grassy area between the houses. In executing a search warrant,

---

[1] Jones and her family are African American and some mixed race children were also on the porch. Brooks and the other neighbors involved are Caucasian, however, Brooks's two children are biracial.

police found a folding pocketknife hidden behind the bushes outside the house. The crime lab found thread and fibers on the knife consistent with the color of Jones's clothing.

Brooks testified at trial, asserting the defense of justification. Brooks claims she was provoked into stabbing Jones because the Jones family was making threatening comments, including that her son was "as good as dead" after the prior day's shooting. When she leaned over the porch rail, she claimed Jones punched her, causing her glasses to fly off her head. She claims she then went down to the grassy area to retrieve the glasses, was rushed by Jones, put in a headlock, and repeatedly punched in the ribs. Unable to free herself, she managed to pull out a pocketknife on her key chain and stab Jones. Brooks, then freed from Jones's grip, did not run away, as she had a rod in her leg, impairing her mobility. Two of the officers who arrived described the scene as chaotic, with ten to fifteen people involved in the heated mix. Rhonda Hanson's testimony supported Brooks's version that she was not the aggressor, but, rather, attempting to escape a frightening situation.

Brooks was charged with willful injury causing serious injury, in violation of Iowa Code section 708.4(1) (2011). A jury trial was held on February 1, 2013, in which Brooks used the affirmative defense of justification. The jury returned a verdict of guilty as to the charge of willful injury causing bodily injury, in violation of Iowa Code section 708.4(2). On March 4, 2013, Brooks was sentenced to a term of five years imprisonment. Brooks appeals.

## II. Evidentiary Ruling

Brooks first asserts the district court erred in allowing the State to introduce evidence regarding her behavior after the police arrived. Brooks claims the evidence was irrelevant, highly prejudicial, and in contradiction to the court's pretrial ruling in which it granted Brooks's motion in limine regarding the admissibility of subsequent acts. Brooks further asserts it was inadmissible character evidence.[2]

We review evidentiary rulings for an abuse of discretion. *State v. Rodriguez*, 636 N.W.2d 234, 239 (Iowa 2001). An abuse of discretion occurs when the trial court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable. *Id.* (internal citation omitted). A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law. *Id.* (internal citation omitted).

At trial, various officers testified about Brooks's behavior after their arrival, including testimony that Brooks was uncooperative and belligerent. Testimony was also elicited regarding Brooks's behavior after being taken into custody and her arrival at the police station. Brook's motion in limine included this request: "That the Jury not be told at any time by the State or the State's witness(es) in any form at any stage of the trial that the Defendant allegedly refused to

---

[2] Brooks also cites to Article 1, section 9 of the Iowa Constitution. However, to the extent Brooks raises a constitutional argument, that particular claim was never raised in the district court. Therefore, error was not preserved, and we decline to address the merits of this claim. *See Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012) (holding the district court must rule on the issue for error to be preserved).

cooperate, refused to make statements, or requested an attorney." Prior to trial, the following exchange occurred:

> The Court: The purpose of going on the record outside the hearing of the jury is to deal with the defendant's Motion in Limine . . . . Two, that the jury not be told the defendant has allegedly refused to cooperate. As I understand it, she did make one statement about her son having taken care of business the day before and so she had to take care of business this date. Beyond that statement, [does the State] intend to get into anything else?
>
> The State: In fact I have admonished my officers to not indicate that, Your Honor.

After opening statements, Brooks objected to the State's mention of her behavior:

> [Defense Attorney]: Prior to opening statements, we took up the motion in limine which was filed by myself. One of the things in the motion in limine was that I requested that the State not make reference to defendant allegedly refusing to cooperate. At that time it is my recollection that [the State] indicated that [it] was not going to do any of that beyond referring to the alleged statement my client made about handling of business. Now, when I listened to [the State's] opening statement [it] did in fact make mention that my client failed to cooperate with law enforcement and was uncooperative when the police arrived.
>
> The Court: Well, there's no prohibition on that sort of evidence. That she failed to talk to them or wouldn't talk to them certainly you have a right to insist that that evidence not be put before the jury because that could be viewed as being a violation of *Miranda*, but that she didn't cooperate, what case law is there that you have that the State cannot show that she failed to cooperate?
>
> [Defense Attorney]: I do not have case law to cite to you at this time, Your Honor. However, based on just the plain language that [the State] said [it] was going to abide by, I would believe that that was improper of [it] to do so.
>
> The Court: Your motion is of record, but it's denied. The State has every right to show whether she cooperated or not. It does not have a right she refused to talk. But if she was belligerent and using insulting language, the State has every right to show that.

Brooks is correct in her assertion the State at first indicated it did not intend to introduce evidence "that the Defendant has allegedly refused to

cooperate." However, in her motion in limine, Brooks did not specify that it was her post-incident behavior and language she sought to exclude. With the issue honed after opening statements, the district court distinguished between failing to cooperate by invoking her right to remain silent as opposed to being "belligerent and using insulting language." Therefore, the introduction of this evidence did not contradict any explicit court ruling, which is necessary to establish error. *See State v. Delany*, 526 N.W.2d 170, 177 (Iowa Ct. App. 1994) (noting the district court's ruling on the motion in limine was equivocal, and therefore no violation occurred when the State introduced evidence).

Moreover, the State's introduction of such testimony does not rise to the level of prosecutorial misconduct. *See, e.g.*, *State v. Graves*, 668 N.W.2d 860, 870–76 (Iowa 2003) (holding the prosecutor's cross-examination of the defendant about whether police officer made up testimony, as well as the prosecutor's closing argument in which he stated the defendant lied and virtually called police officer a liar, amounted to prosecutorial misconduct). Nor, as Brooks claims, is this situation analogous to the State breaching a plea agreement—there was no exchange of promises or detrimental reliance on the State's position, given such a generalized request in the pretrial motion. Consequently, this argument is without merit.

Furthermore, the district court did not abuse its discretion in admitting this evidence. Although in her motion in limine Brooks sought to keep out any alleged "character" evidence, it too failed to specify her conduct at the scene of the melee. Additionally, Iowa Rule of Evidence 5.404(b) only applies when character evidence is admitted for the purpose of showing the defendant's

propensity to commit certain acts. *See State v. Sullivan*, 679 N.W.2d 19, 24–25 (Iowa 2004) ("[A] specific exclusionary rule such as rule 5.404(b) is necessary to exclude bad-acts evidence whose only relevancy is to illustrate the character of the accused for purposes of establishing other actions in conformity with that character") (internal citation omitted). Here, the State did not offer evidence of her belligerent state to show Brooks's propensity to commit crimes or otherwise not act in accordance with the law. Rather, it was offered to show her intent and state of mind at the time of the incident and immediately thereafter, which was important considering Brooks's justification defense. Consequently, it was also relevant and not unduly prejudicial. *See* Iowa R. Evid. 5.403 (only excluding evidence where the danger of unfair prejudice substantially outweighs the evidence's probative value). Therefore, the district court did not err in admitting this evidence.

### III. Motion for Judgment of Acquittal

Brooks further claims the court erred in overruling her motion for judgment of acquittal. Brooks asserts the State failed to disprove, beyond a reasonable doubt, her justification defense. Alternatively, Brooks requests we consider this argument as an ineffective-assistance-of-counsel claim. The State responds Brooks failed to preserve error on this specific argument, considering the only challenge made in Brooks's motion concerned the State's evidence of "serious" injury, as opposed to the lesser crime of "bodily" injury.

"The doctrine of error preservation has two components—a substantive component and a timeliness component." *State v. Krogmann*, 804 N.W.2d 518, 523 (Iowa 2011) (holding a one-page resistance that stated there was no legal

basis for the State's actions did not properly preserve error with respect to the defendant's constitutional claims). To preserve error on appeal, the party must first state the objection in a timely manner, that is, at a time when corrective action can be taken, in addition to the basis for the objection. *Id.* at 524. The court must then rule on the issue. *Lamasters v. State*, 821 N.W.2d 856, 864 (Iowa 2012). "If the court's ruling indicates that the court *considered* the issue and necessarily ruled on it, even if the court's reasoning is 'incomplete or sparse,' the issue has been preserved." *Id.* (quoting *Meier v. Senecaut*, 641 N.W.2d 532, 540 (Iowa 2002)).

Here, Brooks's motion for judgment of acquittal asserted the evidence was insufficient to show Jones suffered a serious injury, rather than merely a bodily injury. She did not raise or argue the State's failure to disprove her justification defense. Therefore, the district court did not address this argument, and so error was not preserved.

To the extent Brooks frames this argument as an ineffective-assistance-of-counsel claim, we review those claims de novo. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that she was prejudiced by counsel's failure. *Id.*

To overcome Brooks's justification defense, the State had to prove beyond a reasonable doubt either Brooks started or continued the incident, she did not believe she or another person was in imminent danger of death or injury, she did not have reasonable grounds for the belief, or the force used by Brooks was unreasonable. *See State v. Thornton*, 498 N.W.2d 670, 673 (Iowa 1993).

Brooks testified Jones started the physical altercation; Jones testified it was Brooks who started the fight. Accepting the State's version of the incident was sufficient for the jury to have concluded the State overcame Brooks's justification defense beyond a reasonable doubt. *See* Iowa R. Crim. P. 2.21(3) ("Corroboration of the testimony of victims shall not be required"); *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) ("We find that the alleged victim's testimony is by itself sufficient to constitute substantial evidence of Defendant's guilt"). Consequently, any argument regarding the State's failure to overcome Brooks's justification defense would be overruled. Because trial counsel had no duty to raise a meritless argument, *see State v. Greene*, 592 N.W.2d 24, 29 (Iowa 1999), Brooks's ineffective-assistance claim fails.

**IV. Jury Instructions**

Brooks's final issue asserts the district court erred in failing to give a limiting instruction regarding Brooks's subsequent acts, as well as a jury instruction regarding provocation that "accurately reflects the law." Alternatively, Brooks frames this argument as an ineffective-assistance-of-counsel claim for not requesting a limiting instruction and for failing to object to the provocation instruction. She asserts she was prejudiced because the jury would have acquitted had the correct instructions been given.[3]

A defendant may raise an ineffective-assistance claim on direct appeal if the record is adequate to address the claim. *Straw*, 709 N.W.2d at 133. We may either decide the record is adequate and issue a ruling on the merits, or we may

---

[3] Because Brooks acknowledges trial counsel did not raise either issue before the district court, error was not preserved. Consequently, we will address her arguments as an ineffective-assistance claim.

choose to preserve the claim for postconviction proceedings. *Id.* We review ineffective-assistance-of-counsel claims de novo. *Id.* To succeed on this claim, the defendant must show, first, that counsel breached an essential duty, and, second, that he was prejudiced by counsel's failure. *Id.*

As an initial matter, the district court did not have an obligation to sua sponte issue a limiting instruction advising the jury on how to view Brooks's conduct subsequent to her arrest. *See, e.g.*, *State v. McKettrick*, 480 N.W.2d 52, 55 (Iowa 1992) (stating a limiting instruction is a matter of trial tactics). With regard to whether trial counsel was ineffective for failing to request a limiting instruction, we do not have an adequate record to address such a claim. *See State v. Truesdell*, 679 N.W.2d 611, 616 (Iowa 2004) ("Ordinarily, ineffective assistance of counsel claims are best resolved by postconviction proceedings to enable a complete record to be developed and afford trial counsel an opportunity to respond to the claim"). Therefore, this claim is preserved for possible postconviction relief proceedings, where a more complete record may be established. *See* S*traw*, 709 N.W.2d at 133.

With respect to counsel's failure to object to the provocation instruction, Brooks failed to prove counsel breached an essential duty. The instruction stated: "Words of provocation and insulting nature may be considered, together with all of the other evidence, to determine who started the incident and whether the defendant's apprehension of danger was reasonable." This is a correct statement of the law, and any objection would not have resulted in a change of the instruction. *See State v. Thompson*, 836 N.W.2d 470, 478 (Iowa 2013) (discussing provocation). Trial counsel did not breach an essential duty in failing

to pursue a meritless argument. *See Greene*, 592 N.W.2d at 29. Therefore, Brooks's ineffective-assistance claim has no merit.

Having considered all of Brooks's arguments properly preserved for appeal, we affirm her conviction.

**AFFIRMED.**