**IN THE COURT OF APPEALS OF IOWA**

No. 15-1559
Filed October 11, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**MELVIN T. LUCIER,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Scott County, Joel W. Barrows,

Judge.


        In this consolidated appeal, Melvin Lucier challenges three convictions for

second-degree sexual abuse.  **AFFIRMED.**


        Eric D. Tindal of Nidey Erdahl Tindal & Fisher, P.L.C., Marengo, for

appellant.

        Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney

General, for appellee.


        Heard by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**VAITHESWARAN, Presiding Judge.**

This is a consolidated appeal of two criminal judgments against Melvin Lucier. In the first case, a jury found Lucier guilty of second-degree sexual abuse of a five-year-old child. In the second case, a district court judge found Lucier guilty of two counts of second-degree sexual abuse of another young child.

Lucier challenges his conviction in the first case on the grounds (A) a physician's account of the child's statements was inadmissible hearsay and (B) his trial attorney was ineffective in failing to raise a Confrontation Clause objection to the physician's account of the child's statements. He challenges his convictions in the second case on the grounds (A) the district court's findings of fact were unsupported by sufficient evidence and (B) his trial attorney was ineffective in failing to seek the judge's recusal.

## I.    Case 1

The department of human services was called upon to investigate possible sexual abuse of the five-year-old child. The caseworker referred the child to Dr. Barbara Harre, a pediatrician specializing in child abuse. While Dr. Harre was examining the child's genital area, the child blurted out, "Uncle Tom touched my pee pee." When asked where she was touched, she "pointed to the periclitoral area and also to the introital area or where a tampon would go into, that area." In response to additional questions, she said she was touched "inside" with "fingers."

The defense filed a motion in limine to exclude Dr. Harre's testimony. The State resisted in part on the ground that her testimony was admissible because it related to diagnosis and treatment. Following a pretrial evidentiary hearing at

which Dr. Harre testified, the district court made a final ruling that Dr. Harre's testimony would be admissible at trial. The child did not testify at trial; Dr. Harre did.

### A.      Admission of Dr. Harre's Statements

Lucier contends the district court erred in admitting the child's hearsay statements through Dr. Harre. *See State v. Smith*, 876 N.W.2d 180, 184 (Iowa 2016) (reviewing hearsay rulings for errors of law). The State responds with an error preservation concern. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("[I]ssues must ordinarily be both raised and decided by the district court before we will decide them on appeal."). We find this concern unpersuasive. Lucier filed a motion in limine asking the court to exclude

> [a]ny reference, direct examination or cross-examination of any medical professional or health care provider . . . which would relate any history given by the alleged victim that she was abused, or that would include naming the Defendant in any [manner]. . . or narrating in any form the sequence of events between the Defendant and the victim

on the ground, "The presentation of such evidence does not fall under the hearsay exception 5.803(4)" because, in part, "the truthfulness that comes with making statements to aid in diagnosis or treatment is not present." As noted, the district court held an evidentiary hearing. At the hearing, the court allowed the prosecutor and defense counsel to make extensive legal argument and made a detailed oral ruling on the matter. We conclude error was preserved. We proceed to the merits of the district court's ruling.

Hearsay is a statement "[t]he declarant does not make while testifying at the current trial or hearing" offered "into evidence to prove the truth of the matter

asserted in the statement." Iowa R. Evid. 5.801(c). Hearsay generally is not admissible. Iowa R. Evid. 5.802. Our evidentiary rules contain various exceptions, including one for statements "made for medical diagnosis and treatment." Iowa R. Evid. 5.803(4). The exception imposes two requirements. *Smith*, 876 N.W.2d at 185. First, the statement must be "made for—and [be] reasonably pertinent to—medical diagnosis or treatment." Iowa R. Evid. 5.803(4). Second, the statement must describe "medical history, past or present symptoms or sensations, or the inception or general cause of symptoms or sensations." Iowa R. Evid. 5.803(4). "These requirements track with the two-part test . . . adopted in *State v. Tracy* for establishing the admission of hearsay statements identifying a child abuser under the exception for medical diagnosis and treatment." *Smith*, 876 N.W.2d at 185-86 (citing *Tracy*, 482 N.W.2d 675, 681 (Iowa 1992)). "[F]irst[,] the declarant's motive in making the statement must be consistent with the purposes of promoting treatment; and second, the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis." *Tracy*, 482 N.W.2d at 681 (quoting *United States v. Renville*, 779 F.2d 430, 436 (8th Cir. 1985)).

Lucier contends the child's "statements should have been found inadmissible" because "[t]here is no evidence in the record that [the child] comprehended that there was a need to tell the truth." Dr. Harre acknowledged she did not ask the child whether she understood the difference between truth and lies. Dr. Harre focused on the child's understanding of the purpose of the visit. At the evidentiary hearing on admissibility, Dr. Harre testified she was "more interested in [the child's] understanding that" she was a physician and

whether there was "anything that is uncomfortable or that is bothering her that we might need to help her address." She stated the child understood that the purpose of the session was to help her. This was an appropriate consideration. *See id.* (stating statement must be consistent with the purposes of promoting treatment); *see also Smith*, 876 N.W.2d at 186 (stating "[t]he emotional and psychological injuries of such abuse are treated by the doctor along with the physical injury" (citing *Tracy*, 482 N.W.2d at 681)); *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) ("[W]here a child's statements are made during a dialogue with a health care professional and are not prompted by concerns extraneous to the patient's physical or emotional problem, real or perceived, the first prong of the *Renville* test is satisfied."); *State v. Overstreet*, No. 15-1704, 2016 WL 7403728, at *6 (Iowa Ct. App. Dec. 21, 2016) ("Dr. Harre testified she believed T.O. was aware she was having this conversation with Dr. Harre to aid Dr. Harre in treating her. While we note *Dr. Harre testified she did not instruct T.O. not to lie*, there is no indication in the record T.O.'s motive in making the statements to Dr. Harre 'was other than as a patient responding to a doctor's questioning for prospective treatment.' We conclude the statements fall within the rule 5.803(4) exception." (emphasis added) (quoting *Tracy*, 482 N.W.2d at 681)); *State v. Woolison*, No. 01-1071, 2003 WL 1966446, at *2 (Iowa Ct. App. Apr. 30, 2003) (stating child's "statements to his health care providers were 'made during a dialogue with a health care professional' and were 'not prompted by concerns extraneous to the patient's physical or emotional problem.'" (citation omitted)).

Lucier also contends Dr. Harre "was acting more in line with the role of an investigator rather than a treating physician," rendering the exception

inapplicable. He notes the case was referred to Dr. Harre by the department of human services, Dr. Harre "did not follow up concerning therapy, nor did she perform therapy"; and "[f]ollowing Dr. Harre's meeting with [the child,] a report was sent to the Scott County Attorney's office."

This court rejected the identical contention in *Woolison*. We stated:

> A review of Dr. Harre's testimony and description of her job function demonstrates that she makes medical assessments, identifies illness and injury, and recommends treatment in cases such as this. She clearly qualifies as health care professional, and her conversation with [the child] was for the purpose of promoting treatment.

*Woolison*, 2003 WL 1966446, at *2. Dr. Harre's detailed testimony about her protocol in child abuse cases and her application of the protocol during her interaction with this child lead us to reach the same conclusion here.

We affirm the district court's admission of the child's hearsay statements under the medical treatment or diagnosis exception to the hearsay rule.

### B. Confrontation Clause

Lucier contends his trial attorney was ineffective in failing to raise a Confrontation Clause objection to the admission of the child's statements.[1] To prevail, Lucier must show (1) counsel breached an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The record is adequate to address the issue. *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006).

---

[1] We note some discussion about the Confrontation Clause by the district court, but in the absence of an explicit ruling, we find it appropriate to review this claim under an ineffective-assistance-of-counsel rubric.

The Iowa Supreme Court considered this issue in a case involving virtually identical facts and the same physician. *In re J.C.*, 877 N.W.2d 447, 452 (Iowa 2016). There, the court held the admission of Dr. Harre's testimony and report did not violate the defendant's rights of confrontation under the Sixth Amendment to the United States Constitution. *Id.* at 456 (citing *Ohio v. Clark*, 135 S. Ct. 2173, 2182 (2015)). Lucier acknowledges *J.C.* is controlling but argues the opinion was "incorrectly decided." We are not at liberty to ignore concededly controlling precedent. In light of *J.C.*, we conclude Lucier's attorney did not breach an essential duty in failing to make a Confrontation Clause challenge to the district court's admission of the child's statements through Dr. Harre.

## II. Case 2

As noted, another young child was the subject of the second set of charges against Lucier. Following a bench trial, the district court found him guilty of two counts of second-degree sexual abuse.

### A. Sufficiency of the Evidence

Lucier contends the evidence is insufficient to establish he committed a sex act on the child and more than one sex act occurred. Our review of a district court's fact findings following a bench trial is for substantial evidence. *See State v. McFadden*, 320 N.W.2d 608, 614 (Iowa 1982).

The district court set forth the elements of second-degree sexual abuse as follows: "1. During the years 2011 or 2012, the defendant performed a sex act with [the child]. 2. The defendant performed the sex act while [the child] was under the age of 12 years." *See* Iowa Code §§ 709.1, 709.3(1)(b) (2014). The court further noted: "A 'sex act' means any sexual contact: . . . 4. Between the

finger or hand of one person and the genitals or anus of another person." *See id.* § 702.17. The court found "there was contact between the defendant's hand and the genitals or anus of [the child]" and "the defendant performed numerous sex acts with [the child] during the time frame of 2011 to 2012." Both findings are supported by substantial evidence.

The child testified, identifying the parts of Lucier's body that touched hers and the parts of her body that were touched by Lucier. The district court found her testimony "credible." We give weight to this credibility finding. *State v. DeWitt*, 811 N.W.2d 460, 476 (Iowa 2012) ("[C]redibility determinations are an essential function of the fact finder."). A detective with the Scott County sheriff's office also testified to an interview he had with Lucier. According to the officer, Lucier admitted he touched this child "roughly 50 times." This testimony amounts to substantial evidence in support of the district court's fact findings.

### B.    Recusal

Lucier contends his trial attorney was ineffective in failing to ask the district court judge to recuse himself from his bench trial after presiding over his jury trial. We find the record adequate to address this issue.

At a hearing on Lucier's waiver of his right to a jury trial, the district court engaged in the following colloquy with Lucier:

> THE COURT: Couple of other things that I want go over here with you, Mr. Lucier, that aren't just in the normal colloquy just to establish this for the record and make sure that you're considering that. Obviously, you're aware that I heard the trial that started on July 13th and was the presiding judge in that case, correct?
> LUCIER: Yes, Your Honor.
> THE COURT: All right. And you understand that I am generally aware of the evidence in this case as well as the subject

matter of the motions here today and your prior convictions. You're aware of that, right?

> LUCIER: Yes, Your Honor.
>
> THE COURT: Okay.
>
> . . . .
>
> THE COURT: . . . . All right. Mr. Lucier, then after going through all of this, do you still wish to waive your right to a jury trial?
>
> LUCIER: Yes, Your Honor.

In light of Lucier's answers, we conclude counsel did not breach an essential duty in failing to seek the judge's recusal on the ground the judge had presided over the first trial.

We affirm Lucier's convictions in both cases.

**AFFIRMED.**