# IN THE COURT OF APPEALS OF IOWA

No. 17-0611
Filed June 20, 2018

**BRIAN J. LUCHTENBURG,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David F. Staudt, Judge.

Brian Luchtenburg appeals the denial of his postconviction-relief application. **AFFIRMED.**

Brian S. Munnelly, Omaha, Nebraska, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A jury found Brian Luchtenburg guilty of possession of marijuana, possession of methamphetamine, and a drug tax stamp violation as a repeat and habitual offender. On direct appeal, this court affirmed his convictions. *State v. Luchtenburg*, No. 15-0924, 2016 WL 3273869, at *1 (Iowa Ct. App. June 15, 2016). Luchtenburg subsequently filed a postconviction-relief application, which the district court denied following an evidentiary hearing. In this appeal, Luchtenberg argues his trial attorneys were ineffective in (1) "failing to call [a witness] at the suppression hearing" and "failing to effectively cross-examine [the same witness] at trial," (2) "failing to obtain a video from [a] police car," and (3) failing to raise claimed conflicts of interest of the attorney and judge.

To prevail, Luchtenberg must show (1) deficient performance and (2) prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Our review is de novo. *Diaz v. State*, 896 N.W.2d 723, 727 (Iowa 2017).

### 1) Witness

Luchtenberg's first claim relates to a woman with a package of marijuana who was stopped by law enforcement officers and who told them she was delivering the package to Luchtenberg and another person at a specified address. *See Luchtenberg*, 2016 WL 3273869, at *1.[1] Luchtenberg's attorney did not call the woman to testify at the suppression hearing. In Luchtenberg's view, "[T]rial counsel *could have* severely discredited [her] *had he* independently and thoroughly investigated matters." (emphasis added). Had she been called, he argues, "The

---

[1] Our prior opinion contains a more detailed summary of the facts.

information obtained from a thorough cross-examin[ation] . . . would have been useful to corroborate [his] side of the story."

Luchtenberg elaborated on his claim at the postconviction-relief hearing. He testified the woman implicated him to get herself off the hook and to curry favor with the police, who never arrested or charged her. When asked by the court why he wanted her to testify at the suppression hearing, he stated, "[W]e could have proved at that point how unreliable of a witness she is." In response to a follow-up question, he stated,

> Well this entire case is based on her receiving a package of drugs through the mail and she threw it in my yard. So the entire case stems from her. I wanted to be able to put her on the witness stand to be able to show that she's the one to receive the package. It was sent to her mother's address, it was sent in the name of her alias, she's got a criminal history, and she was never arrested or charged with any crime. So I wanted to be able to put her on the witness stand to bring all that to the light of day.

Counsel's failure to put the woman on the stand at the suppression hearing does not require reversal because Luchtenberg's attorney elicited the same testimony he could have elicited from the woman through cross-examination of the State's witnesses.

Counsel asked one of the police officers who stopped the woman, "Did you entertain the possibility that she, with this package now in her car, stopped by the police, wants to dump it off, literally and figuratively, onto someone else at someone else's house rather than [i]t being hers, did you consider that?" The officer responded, "That's always a possibility." Defense counsel continued, "So as far as we know, at that point she could just be saving herself in a fashion by saying I'll deliver it, I'll tell these officers that I'm supposed to deliver it somewhere

else?" The officer testified it was "more probable that she was actually supposed to deliver the package" but conceded the possibility that she was protecting her own interests.

Counsel asked a second officer similar questions. The officer agreed he had no idea if the woman who was stopped was telling the truth or lying "about where [the package] was to be delivered." Later, counsel asked the same officer, "[I]n order to help herself or whatever[,] she said that's not for me, that's going elsewhere?" The officer responded, "Correct."

Defense counsel established the woman's ulterior motive for implicating Luchtenberg and, hence, her unreliability. We conclude Luchtenberg was not prejudiced by counsel's failure to call the woman as a witness at the suppression hearing. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) (noting cumulative evidence is not prejudicial).

At trial, the defense did call the woman to the stand. While Luchtenberg faults his trial attorney for failing to ask her certain questions, he does not identify those questions. Instead, he broadly suggests his attorney should have impugned the woman's credibility.

Counsel did so. He established the woman entered into an agreement to cooperate with police. As prior counsel had done at the suppression hearing, he suggested the woman had an incentive to foist the package of "high-grade" marijuana onto someone else. Specifically, he established the package was addressed to the woman's mother and retrieved by her from her mother's home. He also established she was the person who connected the package to Luchtenberg. And, in closing argument, he stated, the woman "knew she was in

a lot of trouble and she better come up with something to save her tail. What better way to do that than to give them the names of two people that had used to be friends with her, she had had a falling-out with, she didn't much care for anymore." We conclude Luchtenberg's trial attorney challenged the woman's reliability, rendering his failure to accept Luchtenberg's assistance non-prejudicial. *See McCoy v. Louisiana*, 138 S. Ct. 1500, ___ (2018) ("Trial management is the lawyer's province.").

### 2) Video

Luchtenburg next asserts his trial attorney was ineffective in "failing to obtain a video from the police car." He contends, "[H]ad his attorney obtained or looked for a dash cam video from the cruiser who was at the scene that day, it would have shown that the package actually was not delivered to his house." At the postconviction-relief hearing, he also claimed the videos would show a second person in the vehicle with the woman who had the package. However, he did not explain how he would benefit from the presence of the other person and he admitted he lacked firsthand knowledge of whether videos even existed. We conclude counsel did not breach an essential duty in failing to request videos.

### 3) Alleged Conflicts

Luchtenburg contends his first attorney was a friend of a friend of the woman who implicated him, which generated a conflict of interest. "A conflict does not exist just because one party asserts it does." *State v. McKinley*, 860 N.W.2d 874, 880 (Iowa 2015). "[W]e must independently evaluate whether the circumstances show an actual conflict or serious potential for conflict." *Id.*

In *McKinley*, the court rejected a contention that far more significant contacts than Luchtenburg alleges warranted disqualification of attorneys. *Id.* at 885-86; *see also State v. Mulatillo*, 907 N.W.2d 511, 519-20 (Iowa 2018) (stating that, in determining whether a conflict exists, we consider the "speculative nature of the conflict"). Luchtenberg's assertion of a conflict is entirely speculative. He did not explain how his attorney's friendship with an unnamed person who happened to know the woman with the package engendered "divided loyalties," "adversely affected" his performance, or had the potential to do either. *See McKinley*, 860 N.W.2d at 881. There was no suggestion the attorney knew or represented the woman with the package or gained evidence from the mutual friend that affected his representation of Luchtenberg. We conclude counsel did not breach an essential duty in failing to raise a conflict-of-interest claim.

Luchtenburg next asserts the trial judge also had a conflict because he presided over his codefendant's trial. The general rules regarding judicial conflict and recusal are as follows:

> [A] judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned. This test for disqualification is an objective one. The burden of showing grounds for recusal is on the party seeking recusal. . . . [A] judge's impartiality might be questioned where the judge has a personal bias or prejudice concerning a party. Only personal bias or prejudice stemming from an extrajudicial source constitutes a disqualifying factor. Judicial predilection or an attitude of mind resulting from the facts learned by the judge from the judge's participation in the case is not a disqualifying factor. In addition, actual prejudice must be shown before recusal is necessary.

*State v. Milsap*, 704 N.W.2d 426, 432 (Iowa 2005) (internal quotations and citations omitted).

> The courts considering the issue have uniformly held that a trial judge is not disqualified per se merely by the fact of having presided over the separate or concurrent disposition of the case of the alleged coparticipant of the instant defendant in the activities with which the current defendant is charged.

Anne Christine Haberle, Annotation, *Disqualification from Criminal Proceeding of Trial Judge Who Earlier Presided over Disposition of Case of Coparticipant*, 72 A.L.R. 4th 651 (1989). Luchtenburg argues for a per se exclusion of the trial judge. As the postconviction court stated, "That is not a conflict." Again, we conclude counsel did not breach an essential duty in failing to raise the claimed conflict of the trial judge.

We affirm the denial of Luchtenburg's postconviction-relief application.

**AFFIRMED.**