**STATE of Iowa, Appellee,**

v.

**Steven Dale HILDRETH, Appellant.**

**No. 97–1313.**

Supreme Court of Iowa.

July 29, 1998.

William L. Kutmus of Kutmus & Pennington, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Robert P. Ewald, Assistant Attorney General, and John D. Lloyd, County Attorney, for appellee.

Considered by McGIVERIN, C.J., and CARTER, LAVORATO, NEUMAN, and TERNUS, JJ.

CARTER, Justice.

Steven Dale Hildreth appeals from his conviction of second-degree sexual abuse in violation of Iowa Code section 709.3(2) (1995). Defendant claims that the trial court erred in admitting the hearsay testimony of the victim's parents and two social workers and that his conviction was not supported by substantial evidence. After reviewing the evidence and the arguments presented, we affirm defendant's conviction.

Linda Hildreth began baby-sitting for the alleged victim, A.E., during the first part of July 1994 and for A.E.'s younger sister, T.E., after her birth in September 1995. Ms. Hildreth has eleven children of her own, including the defendant, Steven Hildreth.

A.E.'s mother testified at trial that, in February of 1996, A.E. began to complain about going to the Hildreth's house and frequently asked to stay home. Furthermore, A.E.'s sleep patterns became more irregular around this time. Over defense counsel's objection, A.E.'s mother also testified that A.E. told her that "Steven had been playing with her butt." At the time, A.E.'s mother assumed that A.E. was referring to some sort of horseplay and did not think any abuse had occurred.

A.E.'s father testified that on Sunday, March 24, 1996, he was sitting on the couch in the family's living room when A.E. told him that Steven Hildreth had forced her to perform oral sex on him. He called A.E.'s mother into the room, and A.E. told them that the defendant "pulled down my pants . . . , spread my legs, and put a [plastic] flower up inside of me." Defense counsel objected to this testimony on the grounds of hearsay, but was overruled by the trial judge.

On September 3, 1996, Steven Hildreth was charged with second-degree sexual abuse. After a bench trial on the merits, Hildreth was found guilty of the charge, a

class "B" felony. The defendant was sentenced to serve an indeterminate term of incarceration not to exceed twenty-five years. Other facts are discussed below as relevant.

## I. *Testimony of Social Workers.*

Before trial, A.E. was referred to the Des Moines Child and Adolescent Guidance Center (Center) by the Department of Human Services. At the Center, A.E. met with Linda Skeers, a social worker and sex therapist. At trial, over the defense counsel's objections, Skeers testified as to conversations with A.E. about the abuse. These conversations consisted of A.E.'s recollections of the abuse and the identity of her abuser, Steven Hildreth. A second social worker employed by the Center, Gladys Alvarez, also testified as to statements made by A.E. regarding the abuse and the identity of her abuser. Defense counsel objected to the testimony of both women on the basis of hearsay. The trial court overruled these objections and allowed the women to testify as to A.E.'s statements.

Hearsay is a statement, other than one made by a declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Iowa R. Evid. 801(c); *State v. Galvan*, 297 N.W.2d 344, 346 (Iowa 1980). Hearsay is not admissible except as provided by the Iowa Constitution, by statute, by other rules of evidence, or rules of the Iowa Supreme Court. Iowa R. Evid. 802. At trial, the prosecution offered A.E.'s statements to the social worker into evidence under Iowa Rule of Evidence 803(4). This rule provides in relevant part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

. . . .

(4) **Statements for Purposes of Medical Diagnosis or Treatment.** Statements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment.

The policy underlying this exception is that a statement made while procuring medical services, when the declarant knows that a false statement could result in misdiagnosis, carries special guarantees of credibility. *State v. Mann*, 512 N.W.2d 528, 535 (Iowa 1994).

■ This court has not yet addressed the issue of whether statements made to a social worker qualify under rule 803(4). The Eighth Circuit has held that "statements about abuse, including the identity of the abuser, made by a child to a trained social worker or psychologist pursuant to diagnosis or treatment for emotional or psychological injuries are admissible under [Federal] Rule 803(4)." *United States v. Balfany*, 965 F.2d 575, 581 (8th Cir.1992). We agree that statements made to a social worker in connection with diagnosis or treatment of emotional trauma may fall within the purview of rule 803(4) if the social worker is sufficiently qualified by training and experience to provide that diagnosis and treatment.

■ In this case, both social workers have had extensive training and experience in the field of child sexual abuse. Linda Skeers received her Master's Degree in social work at the University of Iowa. She previously worked for the Department of Human Services and has been employed by the Center for twenty years. She has completed a two-year sex therapy training program at the Karl Menninger School of Psychiatry and Mental Health Sciences, along with one hundred hours of supervision of her sex therapy cases. In addition, she is certified by the American Board of Sexology. Gladys Alvarez also has a Master's Degree from the University of Iowa. She has been employed at the Center since 1985 and is currently the chief social worker there. One of her current duties is leading and facilitating the young children's sexual abuse group. We conclude that each of the social workers who testified in the present case was qualified to provide diagnosis and treatment of the victim's emotional disturbance.

■ This court has adopted the Eighth Circuit's two-part test in *United States v. Renville*, 779 F.2d 430 (8th Cir.1985), for establishing the admissibility of hearsay statements under rule 803(4):

[F]irst the declarant's motive in making the statement must be consistent with the purposes of promoting treatment; and second, the content of the statement must be such as is reasonably relied on by a physician in treatment or diagnosis.

*State v. Tracy,* 482 N.W.2d 675, 681 (Iowa 1992). In *Tracy* we noted that where a child's statements are made during a dialogue with a health care professional and are not prompted by concerns extraneous to the patient's physical or emotional problem, real or perceived, the first prong of the *Renville* test is satisfied. The circumstances surrounding A.E.'s statements to the social workers indicate that they were responses in a dialogue initiated for purposes of diagnosis or treatment.

The second prong of the test requires that the content of the statements be such as is reasonably relied upon in treatment or diagnosis. Defendant urges that the portion of A.E.'s statements identifying the perpetrator do not meet this test. We disagree. In *Tracy* we held that ascertaining the identity of the abuser is a matter that may assist in diagnosis or treatment of an emotional or psychological injury. *Id.* Consistent with this principle, the district court properly admitted the statements made to the social workers pursuant to rule 803(4).

## II. *Testimony of A.E.'s Parents.*

■ At trial, defendant's counsel also objected to the testimony of A.E.'s parents relating the statements A.E. initially made to them describing the abuse. This court has held that the erroneous admission of hearsay is presumed to be prejudicial unless the contrary is established affirmatively. *State v. Rice,* 543 N.W.2d 884, 887 (Iowa 1996). However, we will not find prejudice if the admitted hearsay is merely cumulative. *See State v. McGuire,* 572 N.W.2d 545, 547 (Iowa 1997). All of the information contained in A.E.'s parents' testimony was repeated either by the social workers or in the testimony of A.E. herself. Therefore, we find that the testimony of A.E.'s parents was merely cumulative and therefore not prejudicial. Our disposition of this issue makes it unnecessary to determine whether A.E.'s parents' statements were admissible under rule 801(d)(1)(B).

## III. *Substantial Evidence.*

■ Finally, defendant claims that his conviction was not supported by substantial evidence. This court reviews sufficiency-of-evidence challenges for correction of errors of law. *State v. Thomas,* 561 N.W.2d 37, 39 (Iowa 1997). If a reasonable trier of fact could conceivably find the defendant guilty beyond a reasonable doubt, the evidence is substantial. *State v. Robinson,* 288 N.W.2d 337, 341 (Iowa 1980).

■ We find that the alleged victim's testimony is by itself sufficient to constitute substantial evidence of defendant's guilt. Moreover, that testimony is corroborated by the evidence of the child's aversion to returning to the Hildreth home and her contemporaneous emotional upset. Defendant argues that the lack of physical evidence, combined with inconsistencies in the victim's testimony, support a reversal of his conviction. We disagree. This court has held that a rape victim's accusation need not be corroborated by physical evidence. *See State v. Knox,* 536 N.W.2d 735, 742 (Iowa 1995). Furthermore, any inconsistencies in A.E.'s testimony were minor and attributable to her young age. In *State v. Rankin,* 181 N.W.2d 169, 172 (Iowa 1970), we noted that "[a] person should not be able to escape punishment for such a disgusting crime because he has chosen to take carnal knowledge of an infant too young to testify clearly as to the time and details of such shocking activity." We have considered all issues presented and conclude that the judgment of the district court should be affirmed.

**AFFIRMED.**