# IN THE COURT OF APPEALS OF IOWA

No. 15-1904
Filed June 7, 2017

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**ZACHARY LEE CHURCH,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

A defendant appeals his convictions for assault of a peace officer, possession of a controlled substance with intent to deliver, and operating while intoxicated. **AFFIRMED.**

Benjamin D. Bergmann of Parrish Kruidenier Dunn Boles Gribble Gentry Brown & Bergmann L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VOGEL, Judge.**

Zachary Church appeals his convictions for assault of a peace officer, in violation of Iowa Code section 708.3A(4) (2013); possession of a controlled substance with intent to deliver, in violation of Iowa Code section 124.401(1)(d); and operating while intoxicated, in violation of Iowa Code section 321J.21. Specifically, Church claims the district court erred in excluding evidence he sought to admit regarding the officer's prior conduct, allowing testimony which referenced evidence he claims was inadmissible hearsay, and denying his motion to sever the charges.

## I.    Background Facts and Proceedings

During the early morning hours of December 25, 2013, a Cedar Falls police officer was patrolling in his vehicle when he saw a car stopped in the street. The car's lights were on; the engine was running, and the officer noticed one occupant inside.

After pulling up next to the car, the officer observed a male slumped forward in the driver's seat who did not react to the officer's presence or the officer's flashing his flashlight on the occupant. The officer then positioned his vehicle behind the car. The officer approached the car on foot and noticed the occupant was still slumped forward. As the driver's side door was unlocked, the officer opened the door. The officer testified that he immediately smelled a strong odor of alcohol, as well as burnt marijuana. The occupant of the vehicle began to stir and reach for the ignition. The officer then reached in the car and removed the keys.

The occupant then sat back, and the officer noticed the occupant had bloodshot, watery eyes and his face was flush. As the officer believed he was observing signs of intoxication, he radioed police dispatch and requested another officer be sent to the scene. After asking the occupant to step out of the car, the officer requested identification, which the occupant provided. The officer identified the man as Church. Because he believed Church may be intoxicated, the officer walked Church back to the squad car.

Upon reaching the squad car, the officer opened the rear, passenger-side door and told Church to have a seat in the car. Rather than doing so, Church struck the officer in the head with his fist, knocking the officer to his knees. From that position, the officer grabbed Church around the legs; Church struck the officer several more times. The officer struggled to get to his feet and attempted to radio for help. As he was hunched over and still trying to deflect blows from Church, the officer felt Church pulling on the officer's gun. Church knocked the officer on his back, and the officer said, "Stop, or I will shoot you." Church continued to strike the officer; the officer then shot Church once in the torso. Initially, Church was knocked back by the shot, but then he started moving towards the officer again. The officer then shot Church two more times. Church backed up and ran to his vehicle. About that time, several other officers arrived and detained Church. The officers found marijuana, a scale, plastic bags, and money in the car. A blood test taken several hours later revealed THC and alcohol in Church's system.

On February 5, 2014, the State charged Church with assault of a peace officer with intent to inflict serious injury, possession of a controlled substance

with intent to deliver, and operating while intoxicated. Prior to trial, Church filed a motion to sever the assault-of-a-peace-officer count from the other two counts, claiming the allegations were not part of the same transaction or a common scheme and good cause existed to sever the charges. The district court disagreed and denied the motion.

At trial, the State sought to admit testimony that referenced the existence of text messages from Church's phone suggesting Church was involved in purchasing and selling marijuana. Church objected to the testimony on hearsay grounds; the State argued the text messages—which themselves were not offered into evidence—were not hearsay. Further, the State argued that Church had opened the door to the introduction of the testimony while cross-examining a police investigator about the lack of evidence of records or ledgers tracking drug-distribution activity. The court overruled the objection and allowed the State to admit the testimony. Church attempted to introduce evidence of other incidences involving this officer, suggesting he had previously been accused of using excessive force. The State objected on relevance grounds. The district court excluded the evidence, concluding it was irrelevant and even if it was relevant, its probative value was substantially outweighed by the unfairly prejudicial nature of the evidence.

On July 6, 2015, the jury found Church guilty of the lesser-included offense of assault on a peace officer, as well as guilty of possession with intent to deliver and operating while intoxicated. Church appeals.

## II.      Scope and Standard of Review

Generally, we review evidentiary rulings for abuse of discretion.  *State v. Tyler*, 867 N.W.2d 136, 152 (Iowa 2015).  "An abuse of discretion occurs 'when the district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable.'"  *State v. Miller*, 841 N.W.2d 583, 586 (Iowa 2014) (quoting *Rowedder v. Anderson*, 814 N.W.2d 585, 589 (Iowa 2012)).  "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000).

When an evidentiary ruling admitting evidence challenged as hearsay is appealed, our review is for correction of errors at law*.   See State v. Buenaventura*, 660 N.W.2d 38, 50 (Iowa 2003).

We review rulings on a motion to sever charges for abuse of discretion. *State v. Geier*, 484 N.W.2d 167, 172 (Iowa 1992).  "To prove the district court abused its discretion in refusing to sever charges, [the defendant] bears the burden of showing prejudice resulting from joinder outweighed the State's interest in judicial economy."  *State v. Elston*, 735 N.W.2d 196, 199 (Iowa 2007).

## III.     Exclusion of Past Accusations of Excessive Force

Church argues the district court erred in excluding evidence he sought to introduce regarding prior incidences where the officer had been accused of using excessive force.  The State claims this evidence was inadmissible.

Iowa Rule of Evidence 5.404(b)(1) provides "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in in accordance with the character."

However, "[t]his evidence may be admissible for another purpose such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Iowa R. Evid. 5.404(b)(2). To determine whether prior-bad-acts evidence is admissible, courts undertake a three-step analysis. *State v. Sullivan*, 679 N.W.2d 19, 25 (Iowa 2004).

> The three steps are (1) "the evidence must be relevant and material to a legitimate issue in the case other than a general propensity to commit wrongful acts"; (2) "there must be clear proof the individual against whom the evidence is offered committed the bad act or crime"; and (3) if the first two prongs are satisfied, "the court must then decide if [the evidence's] probative value is substantially outweighed by the danger of unfair prejudice to the defendant."

*State v. Richards*, 879 N.W.2d 140, 145 (Iowa 2016) (alteration in original) (quoting *Sullivan*, 679 N.W.2d at 25).

Church claims he should have been allowed to introduce testimony from two witnesses: one who would testify that, about fourteen years prior, the officer had flashed his weapon at the witness while off-duty in an apparent incident of road rage and one witness who would testify that—seven or eight years prior— the officer used excessive force against the witness in an incident involving a taser. Church claims the testimony was admissible because it showed the officer was prone to aggression and was therefore relevant to the officer's credibility. The district court determined the evidence was not relevant, stating: "[T]he court does not find the issue or the issues under whether it's modus operandi or motive or frankly any of the other ones outlined to be relevant. Or if they are relevant, they are marginally relevant."

Upon our review of the record, we agree with the district court. The evidence of the alleged past incidences involving the officer are not relevant to

any of the acceptable purposes for admitting prior-bad-acts evidence. *See* Iowa R. Evid. 5.404(b)(2). The purposes of admitting the evidence proffered by Church—proneness to aggression and credibility—are merely repackaged versions of the improper purpose rule 5.404(b)(1) aims to exclude, that is, asserting the officer was prone to aggression to show that he acted aggressively on the night of the altercation with Church. Prior-bad-acts evidence is explicitly prohibited from admission for this purpose. Accordingly, we discern no abuse of discretion in the district court's decision to exclude the evidence.

### IV. Testimony Regarding the Text Messages

Church asserts the district court erred in allowing testimony that referred to text messages sent to Church from various senders that appear to request Church sell them drugs. Church claims the text messages were hearsay and should not have been discussed in testimony.[1] The State contends the text messages—which were not offered into evidence—are not hearsay and even if they are, Church opened the door to their use.

Iowa Rule of Evidence 5.802 prohibits the use of hearsay evidence unless an exception applies. Hearsay is defined as an out-of-court statement offered to prove the truth of the matter asserted. Iowa R. Evid. 5.801(c). If a statement is offered for a reason other than its truth, it is not hearsay. *State v. Dullard*, 668 N.W.2d 585, 589–90 (Iowa 2003).

---

[1] Church also argues discussion of the text messages in testimony violated *State v. Turecek*, 456 N.W.2d 219 (Iowa 1990). But, the State did not "place a witness on the stand who is expected to give unfavorable testimony and then, in the guise of impeachment, offer evidence which is otherwise inadmissible." *See id.* at 225. The investigator was a favorable witness for the State, and the State did not impeach him; rather, it elicited testimony to help explain answers given on cross-examination.

At trial, a police investigator[2] testified that, after reviewing the drug-related evidence against Church found in his car, he concluded Church possessed the drugs for the purpose of distribution and not personal use. On cross-examination, defense counsel questioned the investigator about the lack of other evidence indicating drug distribution:

> Q. . . . The things that I listed to you that you said were indicia of drug trafficking or distribution, were any of those present in Zach Church's case? A. Can you go through them again so I can—so we can notate if one of those was?
> Q. Okay. Just stop me. A. Yep.
> Q. Books, records, receipts, notes, ledgers, money orders, bank records, currency? A. Correct.
> Q. Safe deposit box keys, telephone calling cards, address books, photographs and papers relating to transportation and storage, order, sale, and distribution of controlled substances? Anything else so far out of that group? A. No.

In response to that exchange, on redirect examination, the State sought testimony from the investigator regarding the text messages:

> Q. Investigator . . . , you were asked whether there were any ledgers or documentation or writing that shows any sales of marijuana. Do you remember those questions? A. Yes, I do.
> Q. And in today's day and age, do people who are selling marijuana use their cell phones to keep track of that? A. They use their cell phones to conduct their narcotics trafficking.
> Q. Okay. And might they be using text messaging? A. That is correct.
> Q. And those text messages would be documentation showing sales, wouldn't they? A. That is correct.
> Q. Would show amounts that are being sold or requested? A. Sometimes.
> Q. In fact, in your investigations is it common that you will also ask to seize a phone and search a phone? A. That's correct.
> Q. And is that because there's information contained on those phones that help you determine whether somebody is, in fact, selling drugs? A. Absolutely.

---

[2] Church also objected to testimony from an agent for the Iowa Division of Criminal Investigation that referenced the text messages. For purposes of our analysis, both testimonies are addressed as one.

> Q. Now in this particular case were you made aware that there was, in fact, a search of Mr. Church's phone? A. That is correct.
>
> Q. And were you made aware that there were text messages found on Mr. Church's phone? A. That is correct.

We conclude the testimony referencing the text messages was not hearsay because the text messages themselves were not offered in to evidence, nor were they quoted in any fashion. Even if they had been, none of the short messages were offered to prove the truth of the matters asserted. The investigator was not testifying regarding the specific content, let alone the truthfulness of the messages, that is, citing the messages as evidence that the transactions took place. Rather, the investigator was citing the existence of the messages as support for his conclusion that Church was distributing drugs because the messages were the type of records he would expect to find when a person is distributing drugs. *See State v. Elliott*, 806 N.W.2d 660, 667 (Iowa 2011) ("Generally, an investigating officer may explain his or her actions by testifying as to what information he or she had, including its source, regarding the crime and the criminal.").

Even if the testimony about the text messages did constitute hearsay, we conclude it was proper because Church opened the door to the testimony. "On occasion, defense tactics which . . . seek to gain extraordinary advantage from the fact of suppression of certain evidence may . . . be deemed to have 'opened the door' to at least limited receipt of that evidence." *State v. Brockman*, 725 N.W.2d 653, 656 (Iowa Ct. App. 2006) (omissions in original) (quoting 6 Wayne R. LaFave, *Search & Seizure* § 11.6 at 411 (4th ed. 2004)). "Defense tactics 'are most likely to be found to have opened the door if they involved a calculated

effort to create a high degree of confusion based upon knowledge that any adequate explanation would require some reference to evidence previously suppressed.'" *Id.* (quoting LaFave § 11.6 at 412). Here, defense counsel's questions on cross-examination were structured to create the impression there was no evidence of records indicating Church sold drugs. Defense counsel specifically sought testimony about the absence of "records, receipts, notes, ledgers" and "papers relating to transportation and storage, order, sale, and distribution of controlled substances" with full knowledge that such evidence existed in the form of the text messages. *See id.* This tactic "opened the door" to the limited discussion of the existence of text messages on redirect examination to allow the State to alleviate any confusion and to provide adequate explanation. *See id.*

Additionally, we find any error in the admission of the testimony about text messages was harmless. If an error is deemed harmless, it does not require reversal. *State v. Walls*, 761 N.W.2d 683, 686 (Iowa 2009). An error is deemed harmless if the State can show beyond a reasonable doubt that the error did not affect the verdict. *Id.*

> To determine whether the State has met its burden under the harmless-error standard, the court employs a two-step analysis. First, the court asks what evidence the jury actually considered in reaching its verdict. Second, the court weighs the probative force of that evidence against the probative force of the erroneously admitted evidence standing alone. This step requires the court to ask "whether the force of the evidence is so overwhelming as to leave it beyond a reasonable doubt that the verdict resting on that evidence would have been the same without the erroneously admitted evidence."

*Id.* at 686–87 (citations omitted).

In reaching its verdict on the possession-with-intent-to-deliver charge, the jury was presented with the physical evidence found in Church's car—the scale, plastic bags, and money, along with the testimony from the police investigator about his conclusions based on the evidence he had (absent discussion of the text messages), and the testimony from witnesses who said they purchased drugs from Church. The probative force of that evidence taken together is strong; whereas, the probative force of the referenced text messages is diminished because it overlapped with testimony from the police investigator— regarding his conclusion Church was distributing drugs—and with testimony from the two witnesses who said they had purchased drugs from Church. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) ("[W]e will not find prejudice if the admitted hearsay is merely cumulative."). We conclude the State proved beyond a reasonable doubt the verdict "would have been the same without the erroneously admitted evidence." *See id.* Thus, any error in admitting the testimony about the text messages was harmless.

### V. Motion to Sever

Church contends his motion to sever should have been granted because the assault-of-a-peace-officer charge did not arise from the same transaction or occurrence as the possession–with-intent-to-deliver and operating-while-intoxicated charges. The State disagrees.

Iowa Rule of Criminal Procedure 2.6(1) provides:

Two or more indictable public offenses which arise from the same transaction or occurrence or from two or more transactions or occurrences constituting parts of a common scheme or plan, when alleged and prosecuted contemporaneously, shall be alleged and prosecuted as separate counts in a single complaint, information or

indictment, unless, for good cause shown, the trial court in its discretion determines otherwise.

In evaluating whether multiple offenses "arise from the same transaction or occurrence," courts must determine whether "the facts of each charge can be explained adequately only by drawing upon the facts of the other charge." *State v. Bair*, 362 N.W.2d 509, 512 (Iowa 1985) (quoting *State v. Boyd*, 533 P.2d 795, 799 (Or. 1975)). "The test focuses in three ways on how the crimes are linked together: time, place, and the circumstances." *Id.*

Based upon our review of the record, we agree with the district court that the assault charge, the possession-with-intent-to-deliver charge, and operating-while-intoxicated charge arose from the same transaction or occurrence and thus, simultaneous prosecution of the charges was proper. Many of the same facts that support the assault charge are relevant to and support the other two charges. *See id.* The officer's presence and initial contact with Church relate both to the assault charge and the other two charges. Further, the facts that led the officer to suspect Church may have been under the influence of alcohol and marijuana explain why the officer was escorting Church back to his squad car immediately prior to the assault occurring. That Church was under suspicion of other crimes—operating while intoxicated and possession of marijuana—is also relevant to Church's potential motive for the assault. Additionally, the assault charge and the other two charges are inherently linked by the time, place, and circumstances that form the factual basis of the charges. *See id.* Each charge arose from events which occurred during the same time frame, at the same location, and under the same circumstances. We find no abuse of discretion in

the district court's determination the assault charge and the other two charges arose from the same transaction or occurrence.

While the fact the charges arose from the same transaction or occurrence supports simultaneous prosecution of the charges, the district court retained the discretion to sever the charges for "good cause." Iowa R. Crim. P. 2.6(1); *see Elston*, 735 N.W.2d at 199. "To prove the district court abused its discretion in refusing to sever charges, [the defendant] bears the burden of showing prejudice resulting from joinder outweighed the State's interest in judicial economy." *Elston*, 735 N.W.2d at 199.

Church claims he was prejudiced by the simultaneous prosecution of the charges because "by successfully convincing the jury that the [sic] Mr. Church engaged in violation of one of the charges, undoubtedly caused the jury to unfairly and erroneously consider this determination in convicting him on the remaining counts." We disagree. There is no reason to conclude that the jury *necessarily* would have concluded Church was guilty of the all the charges solely based on its conclusion that he was guilty of one of the charges. In fact, the jury demonstrated its ability to evaluate the charges independently when it found Church guilty of the possession-with-intent-to-deliver charge and the operating-while-intoxicated charge but found him guilty of the lesser-included offense of assault of a police officer rather than the charged crime of assault of a peace officer with intent to inflict serious injury. Because we do not find Church was prejudiced by the simultaneous prosecution of the charges, we discern no abuse of discretion in the district court's refusal to sever the charges for good cause.

**VI.    Conclusion**

Because we find no reversible error in the district court's decisions, we affirm Church's convictions.

**AFFIRMED.**