# IN THE COURT OF APPEALS OF IOWA

No. 20-0073
Filed July 21, 2021

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**JOHNNY S. PATTERSON,**
     Defendant-Appellant.
_____

     Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple,

Judge.


     Johnny Patterson appeals his conviction for third-degree sexual abuse.

**AFFIRMED.**


     John J. Sullivan of Sullivan Law Office, P.C., Oelwein, for appellant.

     Thomas J. Miller, Attorney General, and Richard Bennett, Special Counsel,

Attorney General Office, for appellee.


     Considered by Doyle, P.J., and Mullins and May, JJ.

**DOYLE, Presiding Judge.**

Johnny Patterson appeals his conviction for third-degree sexual abuse. He argues insufficient evidence supported the jury verdict and the district court erred in denying his motion for a new trial.

## I. Factual Background

A.W. attended a party with a friend at a house near a university campus. The house was rented by members of a social fraternity. A.W. was introduced to Patterson at the party. After initial introductions, Patterson insisted A.W. take a tour of the house. A.W. had been drinking and had smoked some marijuana earlier in the night. Patterson led A.W. into one of the bedrooms over her objections. A.W. testified that, upon entering the bedroom, Patterson forced himself on her, performing oral and penetrative sex. A.W. reported the incident to her friend. They went to the hospital and A.W. was examined by a sexual assault nurse examiner. Although there were no obvious signs of physical trauma, testing found Patterson's DNA on A.W.'s right breast. Swabs from Patterson revealed A.W.'s DNA on his genitals. Testing of A.W.'s undergarments revealed a splotch of seminal fluid which did not produce sufficient DNA for a positive identification. A jury found Patterson guilty of sexual abuse in the third degree. Patterson appeals.

## II. Sufficiency of the Evidence

Patterson asserts insufficient evidence supports his conviction. We review challenges to the sufficiency of the evidence for correction of legal errors. *State v. Heard*, 636 N.W.2d 227, 229 (Iowa 2001). A verdict is upheld if substantial record evidence supports it. *Id.* Evidence is substantial if it would convince a rational fact finder that the defendant is guilty beyond reasonable doubt. *Id.* The court reviews

the evidence in the light most favorable to the State, including legitimate inferences and presumptions that may be reasonably drawn from the record. *Id.* The court considers all record evidence not just the evidence supporting the verdict. *Id.*

The jury found Patterson guilty of third-degree sexual abuse under Iowa Code section 709.4(1)(a) (2017), which provides in relevant part:

> 1. A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances:
> a. The act is done by force or against the will of the other person, whether or not the other person is the person's spouse or is cohabiting with the person.

The Code defines a "sex act" as

> any sexual contact between two or more persons by any of the following:
> 1. Penetration of the penis into the vagina or anus.
> 2. Contact between the mouth and genitalia or by contact between the genitalia of one person and the genitalia or anus of another person.
> 3. Contact between the finger or hand of one person and the genitalia or anus of another person, except in the course of examination or treatment by a person licensed pursuant to chapter 148, 148C, 151, or 152.
> 4. Ejaculation onto the person of another.
> 5. By use of artificial sexual organs or substitutes therefor in contact with the genitalia or anus.

Iowa Code § 702.17.

Patterson argues, "Any evidence of an alleged nonconsensual 'sex act' comes only from the lips of [A.W.] and nothing or no one else." Even if that were so, the jury, in its role as fact-finder, may predicate its verdict on victim testimony alone. *State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998). There was more than just A.W.'s testimony. The State presented several physical exhibits, including the results of DNA tests. These tests revealed Patterson's DNA on A.W.'s right breast

and A.W.'s DNA on Patterson's genitals, suggesting intimate contact occurred. Analysis determined a stain in A.W.'s undergarments was seminal fluid, although no viable DNA could be recovered. Furthermore, A.W.'s testimony was supported by testimony of witnesses present at the time of the incident. It is not the place of the appeals court to adjudicate witness credibility; we must determine whether the jury could reasonably conclude from the record evidence that Patterson is guilty beyond a reasonable doubt. *See State v. Smith*, 508 N.W.2d 101, 102-03 (Iowa Ct. App. 1993).

Given the witness testimony, the physical evidence, and the inferences that a reasonable jury might draw, we conclude that there is sufficient evidence to support a conviction under Iowa Code section 709.4(1)(a).

### III. Motion for New Trial

After trial, Patterson moved for a new trial, claiming the jury's verdict was contrary to the weight of the evidence. The district court denied Patterson's motion.

We review rulings on motions for new trial asserting a verdict is contrary to the weight of the evidence for an abuse of discretion. *State v. Ary*, 877 N.W.2d 686, 706 (Iowa 2016). District courts grant new trials only in exceptional circumstances. *Id.* at 705. An abuse of discretion occurs when a court exercises its discretion on clearly untenable grounds or to clearly unreasonable extent. *State v. Wickes*, 910 N.W.2d 554, 564 (Iowa 2018). A verdict is not contrary to the weight of the evidence unless "a greater amount of credible evidence supports one side of an issue or cause than the other." *Id.* at 570.

Patterson argues credible evidence "clearly demonstrates" he did not perform any sex act on A.W. He points to A.W.'s use of alcohol and marijuana that day. He argues A.W.'s testimony of nonconsensual sex contradicts the testimony of other witnesses who observed that the contact and conversation between himself and A.W. appeared to be friendly. He asserts A.W.'s testimony contradicts the scientific evidence that his DNA or sperm was not found in A.W.'s vagina or on her underwear. But although the district court makes its own credibility determinations under a weight-of-the-evidence standard, it may grant a motion for new trial based on weight of the evidence "only if more evidence supports the alternative verdict as opposed to the verdict rendered." *State v. Ernst*, 954 N.W.2d 50, 60 (Iowa 2021) (citation omitted). We agree that "a greater amount of credible evidence" supports the verdict. *Id.* (citation omitted). Therefore, the court did not abuse its discretion by denying Patterson a new trial.

## IV. Conclusion

The State presented sufficient evidence for a reasonable jury to find Patterson guilty beyond a reasonable doubt under Iowa code section 709.4(1)(a). The district court acted within the ambit of its discretion when denying Patterson's motion for a new trial.

**AFFIRMED.**