# IN THE COURT OF APPEALS OF IOWA

No. 22-0067
Filed December 21, 2022

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MAURICE OLANDERS LOYD,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Boone County, Christopher C. Polking, Judge.

Maurice Olanders Loyd appeals his conviction for third-degree sexual abuse. **AFFIRMED.**

Martha J. Lucey, State Appellate Defender, and Shellie L. Knipfer, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kyle Hanson, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Maurice Olanders Loyd appeals his conviction for third-degree sexual abuse. The sole issue is whether the complaining witness's statements to a deputy sheriff, captured in a body camera video, are inadmissible hearsay. Because the trial court did not err by admitting the evidence under the excited utterance exception to the hearsay rule, we affirm.

A jury found Loyd guilty of third-degree sexual abuse for performing a sex act on M.W. against her will in July 2021. Loyd was a guest in M.W.'s home on that night. After falling asleep alone in her bedroom, M.W. awoke with Loyd on top of her. Loyd was undressed, and his fingers were inside M.W.'s vagina.

M.W.'s roommate heard noises coming from M.W.'s bedroom and went to investigate. When he arrived, he saw that M.W. was "clearly visibly upset" while Loyd was shirtless with his pants unzipped. The roommate removed Loyd from the bedroom before contacting several people about what happened, including Loyd's uncle.[1] The uncle arrived at the home and struck Loyd, prompting a neighbor to call law enforcement.

Deputy Preston King of the Boone County Sheriff's Department was the first officer to respond to the call. M.W. approached Deputy King to explain what happened to her. Deputy King described M.W. as "very visibly upset," "sobbing, crying hysterically," and "looked to be in general great distress." The deputy said, "Tell me what happened." M.W. replied, "I woke up because I was getting like

---

[1] Loyd was introduced to M.W. through his uncle, who worked with M.W. and her roommate. The roommate called Loyd's uncle after he removed Loyd from M.W.'s bedroom.

jostled around. And when I like—I think I was like half asleep and he was like— like fingering me. And I like came forward, and he had like some of it like inside me."

At trial, the State introduced video recorded by Deputy King's body camera showing M.W.'s statements. Loyd objected to the evidence as hearsay, but the trial court admitted it under the exception for excited utterances. *See* Iowa R. Evid. 5.803(2). Loyd challenges that ruling on appeal. We review the admissibility of hearsay for correction of errors at law. *See State v. Dessinger*, 958 N.W.2d 590, 597 (Iowa 2021).

An excited utterance is any statement "relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *Id.* at 601 (quoting Iowa R. Evid. 5.803(2)). Excited utterances are an exception to the general rule that hearsay is not admissible because "when a declarant makes a statement under the stress of the excitement, the declarant is less likely to fabricate than if the statement was made under reflection or deliberation." *Id.* The court considers five factors in determining whether a statement falls under the exception:

> (1) the time lapse between the event and the statement, (2) the extent to which questioning elicited the statements that otherwise would not have been volunteered, (3) the age and condition of the declarant, (4) the characteristics of the event being described, and (5) the subject matter of the statement.

*Id.* (quoting *State v. Atwood*, 602 N.W.2d 775, 782 (Iowa 1999)). Loyd challenges the admissibility of M.W.'s statements as excited utterances based on the first three factors.

The district court did not err by admitting the statements under the excited utterance exception. Witnesses estimated that the assault occurred between 9:00 and 10:30 p.m. M.W. began speaking to the deputy at 10:40 p.m. "While time-lapse is important, statements made hours and even days after the event have been admissible," with statements "on the high end of the range" more likely to be permitted when a child makes them. *Id.* Although M.W. was twenty-five years old, a lapse of one and one-half hours between the event and her statements would not, alone, bar their admission as excited utterances given the nature of what happened. Awakening to vaginal penetration by a near-stranger qualifies as a "startling event." It is believable that M.W. would be under the stress of excitement that it caused even if it occurred at the far end of the estimated range. It is also evident that M.W. was still in that excited state when she approached the deputy to state what happened to her.

Even so, Loyd cannot show that the video's admission affected his substantial rights. *See* Iowa R. Evid. 5.103(a) ("A party may claim error in a ruling to admit . . . evidence only if the error affects a substantial right of the party . . . ."). The State called M.W. as a witness at trial, and she testified that she awoke to find Loyd on top of her and penetrating her vagina. Although M.W. was "not 100 percent" certain that Loyd had penetrated her with his penis, she knew "for a fact" that his fingers were in her vagina.[2] The video of her statements was merely

---

[2] Loyd argues that M.W.'s statement to the deputy "implied" his penis penetrated her vagina and only claimed it was his fingers "when they found no semen in her underwear." Setting aside the fact that the lack of semen evidence does not rule out penile penetration, M.W. tells the deputy that Loyd was "fingering" her and some of "it" penetrated her. Whether "it" referred to Loyd's fingers or his penis is

cumulative to her testimony.  *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) (stating that "we will not find prejudice if the admitted hearsay is merely cumulative").

Because the court did not err by admitting the video of M.W.'s statements to the deputy at trial, we affirm.

**AFFIRMED.**

---

immaterial as the definition of "sex act" encompasses both.  *See* Iowa Code § 702.17 (2021).