**IN THE COURT OF APPEALS OF IOWA**

No. 24-0615
Filed June 18, 2025

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**WILMER ERNESTO GARCIA ESPINAL,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Johnson County, Elizabeth Dupuich,

Judge.


        A criminal defendant appeals his convictions for two counts of sexual abuse

in the second degree.  **AFFIRMED.**


        William Monroe, Burlington, for appellant.

        Brenna Bird, Attorney General, and Joseph D. Ferrentino, Assistant

Attorney General, for appellee.


        Considered without oral argument by Schumacher, P.J., Buller, J., and

Bower, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2025).

**BULLER, Judge.**

Wilmer Garcia Espinal appeals his convictions for two counts of sexual abuse in the second degree, asserting the district court erred in admitting statements he claims were inadmissible hearsay. We affirm, finding two of the challenged statements were not hearsay and the third was covered by an exception or was cumulative and harmless.

## I.     Background Facts and Proceedings[1]

In elementary school, M.L. (born 2007) split time between her mom's and dad's residences, leaving for school every morning from her dad's trailer. In 2015, Garcia Espinal—born 2001, a cousin of M.L.'s half-brother—was at the trailer virtually every morning to go to school with another of M.L.'s siblings.

At first, Garcia Espinal would "just sit in the living room, maybe on the couch" and make small talk with M.L. He soon started "play[ing] games" by holding and touching M.L., and that eventually escalated to him taking her to one of the trailer's bedrooms. Once in the bedroom, he told her "don't say anything" or "be quiet" and sexually assaulted her by penetrating her vagina with his penis. M.L. cried while remembering and describing what happened. She distinctly remembered one incident at the trailer, but she also testified that Garcia Espinal raped her by performing the same sex acts on more than one occasion—she just remembered one time more clearly.

---

[1] The facts and argument sections of Garcia Espinal's brief block-quote "facts" from the probable-cause statement in the complaint filed by police to obtain an arrest warrant. This is improper given his arguments on appeal, which concern trial error. And it is unhelpful to our review.

Around 2017, M.L.'s sister discovered that Garcia Espinal had been messaging M.L. on Snapchat. M.L.'s dad eventually saw the messages, which indicated they were from Garcia Espinal. In them, Garcia Espinal asked M.L. if she would be his "girlfriend" and called her "Mami." M.L.'s dad testified that, in their culture, "The word 'Mami' can have a lot of different meanings. But when you use that word and you ask for somebody to be your girlfriend, you're using that word to treat them with affection and love." When M.L.'s dad confronted Garcia Espinal about the messages, Garcia Espinal initially denied sending them but then later apologized. M.L.'s dad told Garcia Espinal he was no longer welcome in the home.

M.L. did not see Garcia Espinal around much until a birthday party that July, held at M.L.'s dad's new home. At this party, Garcia Espinal led M.L. to a bedroom, closed the door, and once again put his penis in her vagina. M.L. remembered hearing "happy birthday" music coming from elsewhere in the house while Garcia Espinal raped her. And a photo admitted at trial confirmed that a birthday party attended by both M.L. and Garcia Espinal took place at M.L.'s dad's house in July 2017.

In February 2023, M.L.'s dad was reviewing M.L.'s phone and grew concerned at messages between M.L. and her best friend. When her dad asked about the messages, M.L. started crying about Garcia Espinal and disclosed that he sexually abused her. M.L.'s dad took her to her mom's house, where M.L. tearfully disclosed the abuse a second time. M.L.'s parents took her to see a pediatrician, who was a mandatory reporter and contacted the police.

Testifying at trial, now age sixteen, M.L. explained that she didn't tell anyone about the abuse in elementary school because she "just pretended it didn't happen" since she "didn't understand why" Garcia Espinal abused her. She also didn't disclose the sexual abuse when her dad asked about the messages in 2017 because she was "scared." She independently recalled that Garcia Espinal messaged asking her to be his "girlfriend" and she confirmed that her sister and dad saw those messages around 2017. And she testified regarding the 2023 messages to her friend, explaining that she messaged her friend that she was "upset" she never told her mom about Garcia Espinal raping her.

Police were only able to obtain a few Snapchat messages between Garcia Espinal and M.L. from August 2017 because that application does not store messages unless the users independently save them and M.L. had blocked Garcia Espinal long before the investigation. Officers were able to download a Snapchat photo from M.L.'s phone that depicted Garcia Espinal at a much younger age than he was in 2023, and the metadata for that photo indicated it was stored on M.L.'s phone on July 29, 2017—close to the date of the birthday party where Garcia Espinal raped her.

A detective interviewed Garcia Espinal at his home, where he admitted to knowing M.L., messaging her, and calling her "Mami." But, as summarized by the detective, Garcia Espinal said "he calls everybody 'Mami.' He calls other people 'Papi' even though he's not gay." Garcia Espinal confirmed that in the past he was often in M.L.'s dad's trailer in the morning, and that M.L.'s dad confronted him about the messages. He denied being in the house at the birthday party (despite a photo of him there) and denied sexually abusing M.L.

The jury found Garcia Espinal guilty of two counts of sexual abuse in the second degree, class "B" felonies in violation of Iowa Code sections 709.1 and 709.3(1)(b) (2015), and acquitted him on a third count. The district court sentenced Garcia Espinal to consecutive twenty-five-year prison terms, with no mandatory minimum owing to his age at the time of the offense. *See* Iowa Code § 901.5(14) (2024). He appeals.

## II.     Standard of Review

"Although we generally review a court's decision to admit or exclude evidence for an abuse of discretion, we review a hearsay claim for correction of errors at law." *State v. Neitzel*, 801 N.W.2d 612, 621 (Iowa Ct. App. 2011).

## III.     Discussion

Garcia Espinal challenges three instances in which he believes the district court improperly admitted hearsay over his objection at trial. We consider each.

The first objection came during M.L.'s dad's testimony, when he was asked about who sent M.L. messages and what in the messages concerned him. The State on appeal suggests we should find these were statements of identification or otherwise not offered for the truth of the matter asserted. But there is a much simpler answer, as urged by the county attorney below: these statements were sent by Garcia Espinal—the defendant—and are by definition not hearsay. *See* Iowa R. Evid. 5.801(d)(2)(A) (statements of a party opponent).

The second objection concerned M.L.'s dad testifying that he was concerned about some messages M.L. sent her friend. But the content of those messages was not admitted at trial through M.L.'s dad, so there was no hearsay for the district court to exclude. *See* Iowa R. Evid. 5.801.

The third objection came during M.L.'s testimony, when she described the content of the message she sent her friend. The only statement admitted came in this exchange:

> Q. [M.L.], can you tell us, generally, in those messages, did you have a discussion about Wilmer Ernesto Garcia Espinal? A. I told my friend that I was upset that I had never told my mom what had happened.
> Q. And when you say "what had happened," what are you referring to? A. When he sexually assaulted me when I was younger.

The State on appeal suggests no hearsay was admitted in this exchange, but we disagree. M.L.'s answers were both hearsay. But they fall within at least one exception, as she explained that the statements were prompted by her being "upset" about not telling her mother and related to that topic. This satisfies the excited-utterance exception. *See* Iowa R. Evid. 5.803(2). And even if it didn't satisfy an exception, this statement was entirely cumulative to M.L.'s trial testimony and her separate disclosures to her mom and her dad (both of which were admitted without objection), which renders admission of this testimony harmless. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) ("[W]e will not find prejudice if the admitted hearsay is merely cumulative.").

**AFFIRMED.**