# IN THE COURT OF APPEALS OF IOWA

No. 21-1969
Filed December 21, 2022

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**JASON LLOYD NOGGLE,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Warren County, Bradley McCall,

Judge.

        A defendant appeals his conviction for sexual abuse in the third degree.

**AFFIRMED.**

        Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

        Thomas J. Miller, Attorney General, and Sheryl Soich, Assistant Attorney

General, for appellee.

        Considered by Tabor, P.J., and Schumacher and Chicchelly, JJ.

**SCHUMACHER, Judge.**

Jason Noggle appeals his conviction for sexual abuse in the third degree. We find the district court did not err by overruling Noggle's objection to the victim's journal on hearsay grounds and finding the journal was admissible. Even if the court erred, however, the admission of the journal was not prejudicial as the evidence was cumulative to other evidence in the record. We also conclude there was sufficient evidence in the record to support the verdict. We affirm Noggle's conviction.

## I. Background Facts & Proceedings

Noggle was charged with sexual abuse in the third degree, in violation of Iowa Code section 709.4(1)(b)(2) (2019). He waived his right to a jury trial. The case was tried to the bench on October 13, 2021.

During the trial, the following evidence was presented. C.S. testified she met Noggle through Snapchat. She stated that on September 2, 2019, when she was fourteen years old, she arranged to meet Noggle, who was then nineteen, in a rural area near her home. That evening, before the meeting, she took "a couple" of her brother's anxiety pills. C.S. snuck out of her house and walked to meet Noggle. She got into Noggle's car and they smoked a cigarette and marijuana. C.S. testified, "I was just completely out of it. I couldn't talk. I couldn't move or anything."

Noggle got out of the driver's seat and came over to the passenger seat, which C.S. had in a reclining position. C.S. stated Noggle left bruises on her neck from kissing her. He took off her shirt and pants and engaged in vaginal

intercourse.  He then turned her over and engaged in sexual intercourse a second time, pulling her hair and choking her.  Eventually, C.S. walked back to her house.

The next day, C.S.'s sister, S.S., observed that C.S. had hickeys.  C.S. told S.S. that they were from Noggle.  A few days later, C.S. provided S.S. further details about her sexual encounter with Noggle.

In March 2020, C.S.'s parents found out about C.S.'s sexual encounter with Noggle.  C.S.'s mother took her to the sheriff's department, where C.S. relayed the incident to Sheriff Joseph Carico.  Following C.S.'s report, Sheriff Carico met Noggle outside his home and Noggle admitted he met C.S. in September 2019.  When asked if he had sexual intercourse with C.S., Noggle replied, "We might have."

Noggle stated he believed C.S. was seventeen years old and that he quit having contact with her when he learned she was fourteen years old.  Noggle testified:

> Q. Mr. Noggle, have you ever wavered in your statement that you did not have sex with that woman?  A. Yes.
> Q. When?  A. At the last part of the interview with Sheriff Carico.
> Q. Why did you waver?  A. I was very stressed out.  When [C.S.'s sister, M.S.] messaged me, she had threatened me.  She was threatening my life.  Everyone was accusing me of this crime, and I was very stressed out.  So, I mean, it was just a very hard time for me.

Noggle further stated, "I do remember saying that at that time, but right now, I can say 100 percent without a doubt I did not have intercourse with her."

C.S. testified that in September 2019 she kept a journal. The State offered Exhibit 4, which was a photograph of two pages from her journal.  C.S. had

destroyed the rest of the journal. Noggle objected on the ground of completeness, undue prejudice, and hearsay. The court stated:

> Well, I think it is hearsay, [Prosecutor]. It's an out-of-court statement being offered to prove the truth of the matter asserted. The question in my mind is whether or not it is an exception, specifically a recorded recollection of this witness.
>
> The witness has testified that she doesn't have a clear recollection of the events. I don't know that you have at this point met the foundational requirements for admission as a recorded recollection, however. If you want to ask further questions to achieve that?

C.S. testified she made the journal entry on September 11, 2019, nine days after the incident with Noggle. She stated the journal contained her recollections. She stated the journal helped her remember the events, which occurred about two years before Noggle's criminal charges were brought to trial. The State again offered Exhibit 4. Noggle objected on the grounds asserted previously, adding that the evidence was needlessly duplicative. The court determined the journal was admissible under the recorded recollection exception to the hearsay rule. C.S. testified about the contents of the journal and stated it was a truthful account of what happened to her.

The court determined Noggle was guilty of third-degree sexual abuse. The court found C.S. was a credible witness, while Noggle's testimony lacked credibility. Noggle was sentenced to a term of imprisonment not to exceed ten years. He appeals his conviction.

## II.    Hearsay

Noggle claims the district court erred by admitting Exhibit 4, the excerpt from C.S.'s journal. He states the exhibit was hearsay and was not admissible under a hearsay exception. He also asserts that the evidence was prejudicial.

In general, hearsay is not admissible. Iowa R. Evid. 5.802. The Iowa Rules of Evidence list several exceptions to the hearsay rule. *See* Iowa Rs. Evid. 5.803, .804, .807. The district court's decision on a hearsay objection is reviewed for the correction of errors at law. *State v. Dessinger*, 958 N.W.2d 590, 597 (Iowa 2021). "The correction for errors at law standard is applicable in determining whether evidence that would generally be prohibited as hearsay comes in under a hearsay exception." *Id.*

The parties do not dispute the court's ruling that Exhibit 4 was hearsay. The district court ruled the exhibit was admissible under the recorded recollection exception. This exception provides:

> *Recorded recollection.* A record that:
> (A) Is on a matter the witness once knew about but now cannot recall well enough to testify fully and accurately;
> (B) Was made or adopted by the witness when the matter was fresh in the witness's memory; and
> (C) Accurately reflects the witness's knowledge.
> If admitted, the record may be read into evidence, but it may be received as an exhibit only if offered by an adverse party.

Iowa R. Civ. P. 5.803(5).

While not raised by either party, we note that under rule 5.803(5), a recorded recollection "may be received as an exhibit only if offered by an adverse party." The issue of whether Exhibit 4 could be received as an exhibit because it was offered by the State rather than Noggle, as the adverse party, has not been preserved for our review as it was not raised at the district court level. *See State v. Wilson*, 968 N.W.2d 903, 918 (Iowa 2022) (finding an issue that had not been presented to or decided by the district court was not preserved). Additionally, the issue has not been raised on appeal and we conclude it has been waived. *See*

*State v. Davis*, 971 N.W.2d 546, 554 (Iowa 2022) (citing Iowa R. App. P. 6.903(2)(g)(3)).

In discussing the recorded recollection exception, the Iowa Supreme Court stated:

> The rule seeks to assure that there has been an accurate recordation of a past recollection, reasonably contemporaneous with the event, to use as a substitute for the nonexistent present recollection of the event. It does this by requiring a satisfactory showing of (1) the "freshness" of the witness's recollection of the event at the time the recording process takes place, and (2) the accuracy of the process utilized to record that recollection.

*State v. Thompson*, 397 N.W.2d 679, 683 (Iowa 1986). A deposition taken thirty-one days after an event has satisfied the "freshness" requirement. *Id.* The second element is fulfilled if the recorded recollection was made or adopted by the witness. *Id.*

C.S. testified she wrote the journal entry that constituted Exhibit 4 about nine days after her contact with Noggle. The journal entry contained her recollection of the incident. She stated the exhibit helped her recall some things about the event that she had forgotten. C.S. stated she tried to be accurate in her journal.

The district court found Exhibit 4 was admissible under the recorded recollection exception to the hearsay rule. We find no error in the district court's ruling on this issue. The recorded recollection met the freshness requirement, as it was written nine days after the event, when it was still fresh in C.S.'s memory. *See id.* Also, C.S. testified she tried to be accurate in her journal, fulfilling the requirement of "the accuracy of the process utilized to record that recollection." *See id.* The recorded recollection was made by the witness, C.S. *See id.*

On appeal, Noggle claims Exhibit 4 was not admissible under the residual hearsay exception found in rule 5.807. The residual exception was not addressed at Noggle's criminal trial and the district court did not rule on the applicability of the residual exception. We conclude this issue has not been preserved for our review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

Furthermore, even if we found Exhibit 4 was admitted in error, the admission of the exhibit was not prejudicial. The Iowa Supreme Court has stated:

> "[A]dmission of hearsay evidence over a proper objection is presumed to be prejudicial error unless the contrary is affirmatively established." *State v. Nims*, 357 N.W.2d 608, 609 (Iowa 1984). The contrary is affirmatively established if the record shows the hearsay evidence did not affect the jury's finding of guilt. *Id.* One way to show the tainted evidence did not have an impact on the jury's verdict is to show the tainted evidence was merely cumulative. *State v. Hildreth,* 582 N.W.2d 167, 170 (Iowa 1998).

*State v. Elliott*, 806 N.W.2d 660, 669 (Iowa 2011) (footnote omitted); *see also State v. Thomas*, 766 N.W.2d 263, 272 (Iowa Ct. App. 2009) ("[W]e will not find prejudice if the admitted hearsay is merely cumulative.").

Noggle's appellate brief asserts Exhibit 4 was cumulative, stating, "Prior to the diary being admitted, C.A.S. testified as to the alleged assault in sufficient details that, if believed by the fact finder, would meet the elements of sex abuse. The diary entry was merely cumulative." The brief also asserts, "[T]he information contained in the diary was nearly identical to the testimony of the witness prior to its entry." We determine Noggle was not prejudiced by the admission of Exhibit 4 because it was cumulative to C.S.'s testimony. *See State v. Plain*, 898 N.W.2d

801, 813 (Iowa 2017) ("Tainted evidence that is merely cumulative does not affect the [fact finder's] finding of guilt."); *State v. Neitzel*, 801 N.W.2d 612, 623 (Iowa Ct. App. 2011) (finding the admission of hearsay testimony that was "merely cumulative" was not prejudicial).

### III. Sufficiency of the Evidence

Noggle claims there is insufficient evidence in the record to support his conviction for third-degree sexual abuse. In regard to claims challenging the sufficiency of the evidence, the Iowa Supreme Court has stated:

> Sufficiency of the evidence claims are reviewed for corrections of errors at law. In making determinations regarding the sufficiency of the evidence, we "view the evidence in the light most favorable to the state, regardless of whether it is contradicted, and every reasonable inference that may be deduced therefrom must be considered to supplement that evidence." If the record contains substantial evidence to support the defendant's conviction, we will uphold a trial court's denial of a motion of acquittal. "Evidence is substantial if it would convince a rational trier of fact the defendant is guilty beyond a reasonable doubt." Evidence can be either circumstantial or direct, or both. Evidence is substantial if a reasonable trier of fact would be convinced that the defendant is guilty beyond a reasonable doubt.

*State v. Lilly,* 930 N.W.2d 293, 298 (Iowa 2019) (internal citations omitted). "The evidence must at least raise a fair inference of guilt and do more than raise mere suspicion, speculation, or conjecture." *State v. Soboroff*, 798 N.W.2d 1, 6 (Iowa 2011).

Section 709.4(1) provides, "A person commits sexual abuse in the third degree when the person performs a sex act under any of the following circumstances":

> b. The act is between persons who are not at the time cohabiting as husband and wife and if any of the following are true:

(1) The other person is suffering from a mental defect or incapacity which precludes giving consent.

(2) The other person is fourteen or fifteen years of age and any of the following are true:

(a) The person is a member of the same household as the other person.

(b) The person is related to the other person by blood or affinity to the fourth degree.

(c) The person is in a position of authority over the other person and uses that authority to coerce the other person to submit.

(d) The person is four or more years older than the other person.

Although Noggle claims that he believed C.S. was seventeen years old, he does not dispute that she was fourteen at the time of the incident. He also does not dispute that he was nineteen years old, making him more than four years older than C.S.

Noggle contends the State did not present sufficient evidence to show he engaged in a sex act with C.S. He points out there is no physical evidence of a sex act. He also claims C.S.'s testimony was unreliable because she had taken prescription pills that had not been prescribed to her and smoked marijuana. For the same reasons, he claims C.S.'s journal entry was unreliable.

"In a criminal case tried to the court, as in a civil case tried to the court at law, the court's verdict is like a jury verdict." *State v. Price*, 365 N.W.2d 632, 633 (Iowa Ct. App. 1985). The court's verdict will be upheld if it is supported by substantial evidence. *See State v. Chapman*, 944 N.W.2d 864, 871 (Iowa 2020). The court determined Noggle was not a credible witness. Noggle initially denied to Sheriff Carico that he had intercourse with C.S. but later in the interview twice stated he "might have had intercourse" with C.S. The court, as the fact finder, can

"reject certain evidence, and credit other evidence." *State v. Sanford*, 814 N.W.2d 611, 615 (Iowa 2012).

And the district court determined C.S. was a credible witness. The court noted, "Despite the subject matter she was able to succinctly describe the events of the night." C.S. testified that during her encounter with Noggle she received hickeys, which were observed the next day by her sister, S.S. Additionally, C.S.'s journal entry, written nine days after the incident, supports her recollection of the event. We determine Noggle's conviction for third-degree sexual abuse is supported by substantial evidence. *See Price*, 365 N.W.2d at 633 ("In review of any case tried to the court at law, findings of the trial court are to be broadly and liberally construed, rather than narrowly or technically, and in case of ambiguity, they will be construed to uphold, rather than defeat, the judgment.").

We affirm Noggle's conviction.

**AFFIRMED.**

Chicchelly, J., concurs; Tabor, P.J., specially concurs.

**TABOR, Judge.** (specially concurring)

Like the majority, I would affirm Noggle's conviction. I write separately because I respectfully disagree that the district court properly admitted C.S.'s journal entry under the hearsay exception for recorded recollections. As the majority notes, Iowa Rule of Evidence 5.803(5) allows such a record to be received as an exhibit only if offered by an adverse party. That element is not satisfied here. Unlike the majority, I believe Noggle preserved error on this claim. He objected on hearsay grounds at trial and renews that argument on appeal. Nothing more is required. *See State v. Brown*, 656 N.W.2d 355, 361 (Iowa 2003) ("The preservation of error doctrine is grounded in the idea that a specific objection to the admission of evidence be made known, and the trial court be given an opportunity to pass upon the objection and correct any error."). The district court had an opportunity to rule on the hearsay objection, but mistakenly allowed the State to offer the journal entry as an exhibit. Noggle is correct that the court improperly admitted the journal entry under the hearsay exception for recorded recollections.

But like the majority, I believe admission of the hearsay was not prejudicial.