# IN THE COURT OF APPEALS OF IOWA

No. 22-0491
Filed November 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**BILLY GENE PARKER,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Monona County, Tod Deck, Judge.


Billy Gene Parker appeals from his convictions for sexual abuse in the second degree. **AFFIRMED.**


Christopher J. Roth of Roth Weinstein, LLC, Omaha, Nebraska, for appellant.

Brenna Bird, Attorney General, and Sheryl Soich, Assistant Attorney General, for appellee.


Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**AHLERS, Judge.**

In 2019, Billy Gene Parker was charged with three counts of sexual abuse in the second degree in violation of Iowa Code sections 709.1 and 709.3 (2013).[1] The charges were based on the claim Parker sexually abused his daughter several years earlier, when she was about eight to ten years old. The jury found him guilty on all three counts. At sentencing, he made an oral motion for a new trial, asserting his innocence and claiming defects in his counsel's performance. The district court disregarded the untimeliness of the motion[2] and denied the motion on its merits. The district court sentenced Parker to an indeterminate prison term not to exceed fifty years.

Parker appeals. He argues (1) the evidence was insufficient to support his convictions, (2) the weight of the evidence preponderates against the guilty verdicts, and (3) the district court erred by admitting evidence that Parker's children had been removed from his custody following an investigation by state social workers about the care of his children.

**I.    Sufficiency of the Evidence**

We start with Parker's argument that the evidence is insufficient to support the guilty verdicts. We review sufficiency-of-the-evidence claims for correction of errors at law. *State v. Brimmer*, 983 N.W.2d 247, 256 (Iowa 2022). We affirm if the verdict is supported by substantial evidence. *Id.* Evidence is substantial if it is

---

[1] Parker was charged with conduct occurring between July 2013 and August 2016. Sections 709.1 and 709.3 were not amended during that time.
[2] *See* Iowa R. Crim. P. 2.24(2)(a) (requiring a motion for new trial to be filed no later than forty-five days after the verdict or five days before sentencing, whichever deadline occurs first).

enough to convince a rational factfinder of the defendant's guilt beyond a reasonable doubt. *Id.* In making the sufficiency assessment, we view the evidence and make all reasonable inferences that can be fairly drawn from the evidence in the light most favorable to the State. *Id.* Evidence is not insubstantial just because a different conclusion could be reached based on the evidence. *State v. Lacey*, 968 N.W.2d 792, 800 (Iowa 2021). We consider all the evidence presented at trial. *State v. Albright*, 925 N.W.2d 144, 150 (Iowa 2019), *overruled on other grounds by State v. Crawford*, 972 N.W.2d 189 (Iowa 2022).

Parker argues that because the State's case hinged on the credibility of his daughter's testimony, the evidence was not substantial. But after reviewing the entire record, we find substantial evidence to support the guilty verdicts. We agree with Parker that his daughter's testimony was the cornerstone of the State's case. But the victim's testimony can be sufficient to support a guilty verdict. *See State v. Kraii*, 969 N.W.2d 487, 491 (Iowa 2022) (confirming that corroboration of testimony of an alleged victim is not required in sexual abuse cases). Parker's daughter testified that, when she was around eight years old, the abuse started when Parker came to take her out of the bath and groped her breasts. She testified that when she was between the ages of eight and ten the abuse escalated. The escalation she described included Parker making her stroke his penis with her hand multiple times and Parker making her put her mouth on his penis multiple times. She also testified that when she was ten, Parker raped her by physically penetrating her vagina with his penis. During the time period Parker was abusing her, she testified that Parker threatened to do the same thing to her mother and younger sister and make the abuse of her worse if she ever told anyone about the

abuse. She explained that she didn't immediately disclose the abuse because "I was terrified." Eventually, after Parker's daughter was no longer living with him, the daughter told a friend about the abuse. The friend encouraged her to tell her mom and social worker about the abuse, and she did.

After disclosing the abuse, the daughter talked to a doctor at a child advocacy center and provided a narrative like the one she testified to at trial. The doctor found trauma to the daughter's hymen, which she testified indicates the daughter had likely suffered sexual abuse. A forensic interviewer at the child advocacy center explained that child victims of sexual abuse often delay reporting abuse and why they do so.

Parker's defense included getting the forensic interviewer to admit on cross-examination that interviewers prefer to receive reports of abuse as close to the event as possible. She also admitted that there can be false allegations of sexual abuse, and she did not recall receiving any training on false allegations. Parker also testified. He denied the allegations against him, and he testified that he was a good father.

The State cross-examined Parker and pointed out inconsistencies in his timeline of events. The prosecutor also impeached Parker's testimony that he was a good father to the victim and her sister by eliciting testimony from Parker that he'd been investigated by child protective services multiple times and both children had been removed from his custody.

Parker attacks the sufficiency of the evidence by arguing his daughter was not credible because her testimony was not detailed enough and she couldn't recall the specific dates and places where she lived outside of where she claimed

to be sexually abused. As to this claim, we note that, while the daughter's testimony was not overly detailed in all respects, she did provide a detailed account of the first time the abuse occurred and the last time, when she was raped. She was specific about what kinds of acts she was made to perform, where in the house she was made to perform them, and even whether others were home at the time. She also recalled her ages during the abuse and specific features of her home. We also note that she was sixteen at the time of trial, describing events that occurred when she was eight, nine, and ten years old. We do not require total precision from the victim's testimony. *See State v. Donahue*, 957 N.W.2d 1, 11 (Iowa 2021) ("Inconsistencies and lack of detail are common in sexual abuse cases and do not compel a jury to conclude that the victim is not credible or that there is insufficient evidence to support a guilty verdict.").

The daughter's testimony alone is sufficient to sustain the guilty verdicts. *See State v. Hildreth*, 582 N.W.2d 167, 170 (Iowa 1998) (finding the alleged victim's testimony sufficient to constitute substantial evidence of the defendant's guilt); *see also State v. Erdman*, ___ N.W.2d ___,___, 2023 WL 6761460, at *2 (Iowa 2023) ("Claiming the victim's testimony alone 'is not credible enough to convince a rational fact finder of his guilt beyond a reasonable doubt is unavailing for sufficiency of the evidence purposes.'" (quoting *Donahue*, 957 N.W.2d at 11)). And her testimony is not required to be corroborated. *Kraii*, 969 N.W.2d at 491. But, contrary to Parker's contentions, there is corroborating evidence in the form of the testimony of the doctor and forensic interviewer.

At its core, Parker's argument asks us to disregard the standard of review by negatively assessing his daughter's credibility or by believing his testimony over

hers. But it is not our role in assessing a sufficiency-of-the-evidence challenge to weigh evidence, assess witness credibility, or resolve conflicts in the evidence—that role belongs to the jury. *Brimmer*, 983 N.W.2d at 256. Viewing the evidence in the light most favorable to the State we find there is substantial evidence supporting the jury's decision to find Parker guilty beyond a reasonable doubt. *See id.*

## II.    New Trial—Weight of the Evidence

Parker also contends the verdict is against the weight of the evidence, again because the State's case rests on the credibility of the victim. The State challenges whether Parker preserved error on the issue. We agree with the State.

As noted, Parker's counsel made an oral motion for a new trial at the sentencing hearing. In the motion, counsel asserted Parker's actual innocence and repeated complaints Parker made about counsel's performance. No language in the oral motion suggested a weight-of-the-evidence argument. And the district court made no ruling on a weight-of-the-evidence argument. Instead, the court justifiably interpreted the motion as, at most, challenging the sufficiency of the evidence. The court ruled on that issue by noting "[t]o the extent that the motion references or alludes to the evidence and the sufficiency of that evidence, the court finds no grounds to overturn the jury's verdict. There was substantial and sufficient evidence to support the jury's verdict on all of the elements of all of the counts."

Sufficiency-of-the-evidence challenges and weight-of-the-evidence challenges are not synonymous. *See State v. Ary*, 877 N.W.2d 686, 706–07 (Iowa 2016). As Parker did not raise a weight-of-the-evidence challenge or receive a ruling on such a challenge, Parker has not preserved any such challenge for our

review. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must ordinarily be both raised and decided by the district court before we will decide them on appeal.").

## III.    Admission of Evidence

Parker's final argument is that the district court erred by allowing the State to question him about child protective workers investigating him and removing his children from his custody.  The State again challenges error preservation, and we again agree with the State.

Parker contends he preserved error because the parties had a discussion with the district court establishing the limits of the State's use of the child protective service's reports.  He contends this should be treated like a ruling on a motion in limine reaching the ultimate issue of admissibility, and, therefore, he did not need to object at trial to preserve error.  *See State v. Thoren*, 970 N.W.2d 611, 621 (Iowa 2022) (confirming that when a ruling on a motion in limine "reaches the ultimate issue and declares the evidence admissible or inadmissible" it is a final ruling and an objection need not be made at trial to preserve error (citation omitted)).

Yet Parker's challenge is based on the faulty premise that the court definitively ruled on the admissibility of all evidence about child-protection reports. That is not what the court ruled.  This issue came up because the State believed Parker opened the door to impeachment about the child-protection investigations and removal of his children when Parker testified on direct examination that he was a good father and never abused his girls.  Outside the presence of the jury, the State asked for permission to delve into that topic due to Parker's testimony. The court ruled as follows:

[H]e's certainly tried to portray himself [as a caring, loving father] in argument and testimony that you can ask him questions about that subject and questions of was there abuse or was she removed from the home. You know, if he starts denying things you can back up with documents, we'll probably have to sit down again and start talking. But as far as asking him questions about whether those things happened, I think you [referring to the prosecutor] are correct that that is relevant and that he has suggested that there wasn't that discord that has been testified to previously and that he was doing things as a—I don't know what you want to call it—normal, good whatever father.

Contrary to Parker's assertion, this is not a definitive ruling on the admissibility of the entire topic of child-protection investigations and child removal. While generally suggesting that it was permissible to impeach Parker with evidence that contradicted his prior testimony of being a good father, the ruling acknowledged the uncertainty of admissibility of evidence on this topic and invited further discussion about it if needed. This was far from a final ruling on the admissibility or inadmissibility of any evidence.

Armed with the nondefinitive ruling just made, the parties returned to the courtroom where the following cross-examination of Parker took place in the jury's presence:

> Q: Sir, you previously testified that you took care of—you were a good parent to [the alleged victim and her younger sister]; correct?
> A: Absolutely.
> Q: But that's not true either, is it? A: Yes, it is.
> Q: Sir, in fact, you've had multiple CPS reports or child protective services investigations into your care of your children; correct?
>  . . . .
> A: Yes.
> Q: And, in fact, [your two daughters] were removed from your custody because you did not care for them properly; correct? A: They were removed from [their mother's] custody, yes.
> Q: They were also removed from your custody; correct? A: Yes.

This is the testimony Parker challenges as violating the court's ruling. But, as we've already noted, the court's ruling was not definitive or specific as to what evidence was permitted. If Parker believed this evidence violated the court's ruling or was objectionable for any other reason, he had the obligation to object. He did not. With no objection, error is not preserved for our review of this issue. *See State v. Trane*, 984 N.W.2d 429, 435 (Iowa 2023) ("We will not consider an evidentiary complaint unless the complaining party made their 'specific objection' to the evidence 'known' in the district court, and the court had the 'opportunity to pass upon the objection and correct any error.'" (quoting *State v. Brown*, 656 N.W.2d 355, 361 (Iowa 2003))).

## IV.    Conclusion

We find substantial evidence supporting Parker's guilty verdicts, and therefore his sufficiency-of-the-evidence challenge fails. Parker failed to preserve error on his other claims. As a result, we affirm.

**AFFIRMED.**